[No. 19213.    Department One.    June 2, 1925.]

WILLIS FARROW *et al., Respondents,* v. RUDOLPH
NICHOLAS PLANCICH *et al., Appellants.*[1]

BOUNDARIES (14-16)—AGREED LOCATION—RECOGNITION AND ADVERSE
USER.  A boundary line, established by a survey and accepted as
the true line by the maintenance of a fence for fifteen years will
be held to be the true boundary.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered July 21, 1924, in
favor of the plaintiff, in an action for an injunction,
tried to the court.  Affirmed.

*Vance & Christensen* and *P. C. Kibbe,* for appel-
lants.

*Bigelow & Manier,* for respondents.

BRIDGES, J.—The real purpose of this action is to
settle a dispute as to the dividing line between certain
properties.

The respondent is the owner of lot 18, block B, of
Sebree's addition to Olympia.  The appellant is the
owner of the adjoining lot 17.  Both lots are improved.
About 15 or 16 years ago, the appellant's predecessor
in ownership (his father) bought lot 17.  Before he
purchased he had a survey made for the purpose of
determining the true dividing line between the lots.
This survey fixed what was believed to be the true line.
Appellant's father assisted in the survey and drove a
stake (which still stands) on the dividing line, and
shortly thereafter built a fence on the line so estab-
lished.  This fence remained for many years.  Some-
what recently one of the parties to this action tore
down the old fence and built another.  It is difficult

[1]Reported in 236 Pac. 288.

to tell from the testimony whether this new fence was located on the dividing line as previously fixed. Recently another survey has been made. It is difficult for us to tell whether this survey fixes the dividing line at the same place the original survey fixed it. But we consider that matter of no importance.

For many years the owners of these two lots accepted the original line as properly located and the fence built thereon as marking the line between the two properties. Whether the line as originally established is correct is now immaterial, because the lapse of time and the action of the parties will now fix it as the true line. We hold that the dividing line as originally established by engineer Fraser is the true dividing line at this time between the lots, however that may affect either appellant or respondent. Though the old fence is gone, one of the original line stakes still exists and there ought to be no trouble in actually locating that line on the ground.

Our conclusion is in accordance with the decree of the trial court, for it provides that the line between these two lots is "the line as established by W. J. Fraser, civil engineer, about the year 1909, . . . and as recognized and conformed to by the respective owners of the property for a long period of years."

The judgment is affirmed.

TOLMAN, C. J., PARKER, MAIN, and ASKREN, JJ., concur.