(December 31, 1892.)

# IDAHO LAND COMPANY v. PARSONS.
## [31 Pac. 791.]

BOUNDARY LINE OF LAND BETWEEN COTERMINOUS OWNERS, WHEN BINDING.—When coterminous owners of land establish a boundary. line and take possession to the line so agreed upon, and one of them erects valuable improvements thereon and holds quiet and peaceable possession thereof without objection from the other coterminous owner or his grantees for a period of more than eight years, such line is binding upon. them and those holding under them.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Stewart & Dietrich, for Appellant.

The fixing of a boundary by agreement is conclusive or effectual only where the true boundary has been or is in controversy, and parties agree on a new one, thus abandoning the old. (*Manufacturing Co. v. Packer*, 129 U. S. 688, 9 Sup. Ct. Rep. 385; *Quick v. Nitschelm*, 139 Ill. 251, 28 N. E. 926; *Hatfield v. Workman*, 35 W. Va. 578, 14 S. E. 153.) The relation of husband and wife creates no agency in the husband,. and his misrepresentations concerning his wife's property, not.

assented to by her, create no estoppel against her. (Bigelow on Estoppel, 508; *Hall v. Callahan,* 66 Mo. 316; *Caldwell v. Hart,* 57 Miss. 123; *Kirkman v. Bank,* 77 N. C. 394; *Watson v. Hewitt,* 45 Tex. 472.) A husband has no power to alienate or encumber the land of his wife, much less fix boundaries for it. (*Quick v. Nitschelm, supra; Gosselin v. City of Chicago,* 103 Ill. 623.) Privies of a grantor who is estopped are not estopped if they are subsequent purchasers for value, and have no notice that he is estopped. (*Rutz v. Kehn,* 143 Ill. 558, 25 N. E. 957, 29 N. E. 553.)

James W. Eden, for Respondent.

When coterminous proprietors of land in good faith agree upon, fix and establish a boundary line between their respective tracts of land, the line so established is binding upon them and those holding under them. (*Cavanaugh v. Jackson,* 91 Cal. 583, 27 Pac. 931; *White v. Spreckels,* 75 Cal. 610, 17 Pac. 715; *Cooper v. Vierram,* 59 Cal. 282; *Sneed v. Osborn,* 25 Cal. 619; *Helm v. Wilson,* 76 Cal. 485, 18 Pac. 604; *Blair v. Smith,* 16 Mo. 273; *Orr v. Hadley,* 36 N. H. 575; *Houston v. Sneed,* 15 Tex. 307; *Fisher v. Bonnehoff,* 121 Ill. 435, 13 N. E. 150.) It is not necessary that there should be a dispute about the true line in order to bind the parties by agreement fixing and establishing a line. (*Helm v. Wilson,* 76 Cal. 485, 18 Pac. 604; *White v. Spreckels,* 75 Cal. 610, 17 Pac. 715; *Truett v. Adams,* 66 Cal. 223, 5 Pac. 96; *Smith v. Hamilton,* 20 Mich. 438, 4 Am. Rep. 398.) Conveyances made to the wife during coverture for value are community property. (*Ingersoll v. Truebody,* 40 Cal. 611; *Moore v. Jones,* 63 Cal. 12; *Wedel v. Herman,* 59 Cal. 516; *Ramsdell v. Fuller,* 28 Cal. 42, 87 Am. Dec. 103; *Landers v. Bolten,* 26 Cal. 420; *Johnson v. Burford,* 39 Tex. 249.)

SULLIVAN, C. J.—This is an action in ejectment, brought by the appellant, to recover the possession of one and eleven-sixteenths acres of land, claimed to be a part of the south half of the northwest quarter of section 3, township 3 south, range

35 east, Boise meridian, and for damages.   The defense inter-
posed was a denial of appellant's ownership and right of pos-
session, and a claim of ownership by the respondent.   The case
was tried by the court, without a jury, and a judgment entered
in favor of the respondent.   A motion for a new trial was
made by appellant, and overruled by the court.   This appeal
is from said judgment and order overruling the motion for a
new trial.

The appellant specifies seven errors claimed to have been
made by the court below.   In our view of the case, it is not
necessary for us to consider each specification of error sepa-
rately, and we will therefore consider them together.

The real question for our determination is the sufficiency
of the evidence to justify the findings of the court.   On or
about the fifteenth day of April, 1883, the respondent was in
the actual occupation and possession of lots 3 and 4 of sec-
tion 3, township 2 south, range 35 east, Boise meridian, and
thereafter procured title thereto from the government of the
United States.   The facts, as shown by the record, are sub-
stantially as follows: On or about the fifteenth day of April,
1883, one Minnie J. Danilson, the grantor and predecessor in
interest of appellant, was the owner of, and in the actual pos-
session of, the south half of the northwest quarter of section
3, township 3 south, range 35 east, Boise meridian; that on the
date last above mentioned the respondent desired to erect a
fence on the line between said lots 3 and 4 and said south half
of northwest quarter of section 3.   It was not known to the
owners of either tract where said line was.   The respondent
proposed to T. J. Danilson, the husband and agent of Minnie
J. Danilson, that they run the boundary line between said
tracts, and offered to employ a surveyor for that purpose.
Danilson replied that he was a surveyor, and that he would run
the line.   To this proposition the respondent assented, and the
said Danilson took his instrument, and the respondent and one
Killion carried the chain, and the line was surveyed.   After the
survey was made, Danilson said to respondent: "That is the

line.· You can build your fence on it." The respondent there-
upon erected a fence on said line, by and with the consent of the
said Minnie J. Danilson, and has been in the actual occupation
and possession of the land in dispute, and claimed to be the
owner thereof, without objection or protest from appellant
or its grantor, since April 15, 1883, up to December 22, 1891,
the date of the commencement of this suit. The record shows
that said Minnie J. Danilson conveyed said south  half of
northwest quarter of section 3 to appellant on August 30, 1888.
The contention of appellant is that the evidence shows that
the appellant's grantor and respondent undertook to find or
ascertain the true boundary line between said tracts of land;
that a mistake was made as to its true location, and for that
reason appellant is not bound by the line established—and
cites in support thereof *Schrader Min. etc. Co. v. Packer*, 129
U. S. 688, 9 Sup. Ct. Rep. 385; *Hatfield v. Workman*, 35 W.
Va. 578, 14 S. E. 153; *Quick v. Nitschelm*, 139 Ill. 251, 28 N.
E. 926. In the first case above cited it is held that "the
assent was given, not to settle a dispute, but to acquiesce in
the running of a line about which no dispute had then arisen,
and upon the supposition that the person running it knew where
the true lines were; that it was an acquiescence resulting from
pure mistake or error." The court say the assent was given
"upon the supposition that the person engaged in running it
knew where the true lines were." No such supposition en-
tered into the case at bar. The respondent desired to erect
valuable improvements upon the boundary line separating said
tracts. The grantor of appellant, by her agent, established
the boundary and agreed with the respondent that he might
erect his fence thereon. The respondent claimed the land
in dispute, and had adverse possession thereof from April 15,
1883, to August 30, 1888 (during which time appellant's
grantor was the owner of, and in the possession of, said south
half of northwest quarter of section 3), and from August 30,
1888, to December 22, 1891 (during which last period of time
the appellant was the owner of said last described tract of

land), making in all a period of eight years and over eight months that respondent had the quiet, peaceable, adverse possession of said disputed tract, claiming to be the owner thereof, and had valuable improvements thereon, without any claim being made thereto by appellant or its grantor. Thus the respondent had been in the quiet, peaceable, adverse possession of said land, claiming to be the owner, for a period of over three years longer than is required for the statute of limitations to run in the acquisition of title to real estate thereunder. This decision, however, is not based on that ground. We only state this as a circumstance that might justly be taken into consideration. We think that, under the facts of this case, it would be most unjust and inequitable to permit the appellant to recover said land. We do not think that the principle laid down in the first case cited is applicable to the case at bar. In *Hatfield v. Workman, supra,* the court say: "They were not attempting to fix or establish any new line, but Workman says they were aiming to run the line laid down by Commissioner Beekley in his division of this tract into lots. There is no evidence in this case that after said line was run, to ascertain in which lot the mouth of Denison would fall, either of the parties ever recognized it, or in any matter treated it, as the boundary line between said tracts. It ran through wild and unimproved lands, and was evidently run by mistake. . . . . All that appears to have been done by these parties, Workman and Mangus, was to run and mark this line. There was never any other recognition of it, no improvement or fence along it, and nothing else to indicate possession or ownership on either side of the line." In that case the parties were in ignorance of the location of the true point at which to begin the survey, and the line was run for the purpose of ascertaining the correct dividing line, and not for the purpose of establishing one. It will be observed that neither of the parties in the case just cited recognized or in any manner treated said line as the boundary line between said tracts. It presents a very different case than the one at bar. In the

case of *Quick v. Nitschelm, supra,* the court say: "It is well
settled in this state that the owners of adjoining tracts of
land may, by parol agreement, settle and establish permanently
a boundary line between their lands, which, when followed by
possession and the making of improvements, will be binding
and conclusive, and cannot afterward be disputed; but such an
agreement must be clearly proven, and cannot be inferred from
slight acts of the parties, although it may sometimes be im-
plied from unequivocal acts. (*City of Bloomington v. Bloom-
ington Cemetery Assn.,* 126 Ill. 221, 18 N. E. 298.) In most
of the cases when the rule has been held to apply, there has
been no question as to the authority of the parties making such
verbal agreement. There has been a dispute, or at any rate
an uncertainty, as to the true location of the boundary line,
so that the agreement operates as a settlement of what was
unsettled. Both parties have taken possession of their respec-
tive tracts or lots after making the agreement, and have culti-
vated or otherwise improved the same up to the line agreed
upon. Such possession has been continued for a considerable
length of time, though the statute of limitations may not have
run. The grantees holding under the parties to the agree-
ment, where they have been purchasers for value, have gen-
erally had notice of it, either actually, or by reason of the
long-continued possession of their grantors, and the recognition
by the latter, for a considerable period of time, of the boundary
line agreed upon." We think the law as laid down in that
case is applicable to the case at bar. The boundary line agreed
upon was recognized by both parties, and the adverse possession
under claim of ownership assented to, for nearly double the
period of time required by the statute of limitations for the
acquisition of title to real estate; valuable improvements had
been placed on said land by respondent; and we think appel-
lant is estopped from claiming said land. "When coterminous
proprietors of land, in good faith, agree upon, fix and establish
a boundary line between their respective tracts of land, the
line so established is binding upon them and those holding un-

der them." (*Cavanaugh v. Jackson,* 91 Cal. 583, 27 Pac. 931; *White v. Spreckels,* 75 Cal. 616, 17 Pac. 715; *Smith v. Hamilton,* 20 Mich. 433, 4 Am. Rep. 398; *Houston v. Sneed,* 15 Tex. 308; *Fisher v. Benehoff,* 121 Ill. 435, 13 N. E. 150.) The judgment of the court below should be affirmed, with costs of this appeal in favor of the respondent, and it is so ordered.

Morgan and Huston, JJ., concur.