[L. A. No. 5277. Department One.—February 13, 1920.]

JOHN H. TABER, Appellant, v. MARY BESKE, Respondent.

[1] Vendor and Vendee—Possession by Other Than Vendor—Duty of Vendee.—Where a person other than the vendor is in the actual, open, exclusive, and adverse possession of real property, the purchaser is chargeable with knowledge of all that an inquiry as to the rights and claims of such person might have developed.

---

1. Right of grantee of land held in adverse possession to sue to recover same from adverse holder, note, Ann. Cas. 1915D, 527.

[2] APPEAL—FINDINGS—TRUTH OF SUPPORTING TESTIMONY—PRESUMP-
TION.—It must be presumed on appeal that the trial court be-
lieved the testimony of the witnesses which supports its findings.

[3] NEW TRIAL—NEWLY DISCOVERED EVIDENCE—RULE.—In order to
obtain a new trial upon the ground of newly discovered evidence,
the party seeking it must show that he used reasonable diligence
to obtain it before the close of the trial and that, notwithstand-
ing such diligence, he failed to discover it.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frederick Gros for Appellant.

William Schreider for Respondent.

SHAW, J.—The plaintiff appeals from a judgment in
favor of the defendant.

The complaint sets forth a cause of action to recover pos-
session of a certain lot in Los Angeles. The defendant filed
a cross-complaint alleging title in herself making John T.
Dennison and C. C. Horsford parties thereto and praying
that Taber, Dennison, and Horsford be compelled to convey
the said lot to her, and for general relief. Judgment was
given in her favor declaring her to be the owner of the lot
in fee, that she was owing Taber $840 for money expended
by him for the benefit of the lot and providing that upon
payment thereof her title to the lot should be quieted and
Taber should forthwith convey the same to her. Dennison
and Horsford do not join in the appeal and under the facts
found they have no interest in the lot. The facts are suffi-
ciently stated in the findings.

In April, 1911, Mary Beske, being desirous of borrowing
$550 to defray the expenses of a contemplated journey to
Europe, asked Horsford to get her a loan of that amount by
means of a mortgage on the lot, and he agreed to endeavor
to do so. Thereupon, with the intent to deceive and defraud
her, he informed her that he had procured a party who
would make the loan and asked her to sign a paper which
was in fact a general power of attorney authorizing him as
her attorney in fact to sell and convey the property. To
induce her to execute it he informed her that it was a mort-

gage which she must sign in order to get the money she wished. She was unable to read English and could write the same but imperfectly, and she could not read the document. She did not understand its terms or comprehend its nature, character, or effect. She trusted implicitly in Horsford and believed his statements that the document was a mortgage and, being induced thereby, she signed and acknowledged it, believing it was a mortgage. Afterward, on April 27, 1911, Horsford, in pursuance of his fraudulent purpose, conveyed the lot to Dennison, signing the deed for her as her attorney in fact, and paid her five hundred dollars, informing her that it was the proceeds of a loan he had procured upon the lot. Dennison paid no consideration for the deed and he knew that it was unauthorized. He mortgaged it for one thousand dollars, for Horsford's benefit. On June 8, 1912, Dennison conveyed the lot to the plaintiff, Taber, who paid to Horsford and Dennison $2,680 in cash therefor and canceled a debt of $492 owing to him by Horsford. These transactions were brought about by Horsford in pursuance of his aforesaid design to defraud her. At some time in the year 1911 she returned from Europe and ever since that time she has been continuously in open, actual, and exclusive possession of the lot. Ever since, November, 1911, the premises have been in possession and occupancy of herself and her tenants, from whom she collected rents therefor. Taber, at the time he purchased the premises, knew of her possession and could have ascertained by reasonable inquiry the rights which she had in the property. He was not an innocent purchaser in good faith. Although the deeds aforesaid were duly recorded, Mary Beske knew nothing of them or of the execution thereof until long afterward. Taber did not assert to her any ownership of the lot until December 27, 1915. After the execution of the deed to him Taber made certain payments in discharge of obligations which inured to the benefit of the property and of the defendant Beske, amounting to $840. The findings also state that all the allegations of the cross-complaint are true. Among them is the statement that prior to accepting the deed from Dennison to the lot, Horsford fully informed Taber of all the facts and circumstances attending the giving of the power of attorney aforesaid, that Dennison had paid no consideration therefor, and that Taber accepted said deed with full knowledge of her rights in the property and of the

fraud that had been practiced upon her by Horsford and Dennison.

Appellant contends that there is no evidence to support the finding that Taber, at the time he purchased and received the deed, was informed of the power of attorney and the circumstances of its execution. [1] The finding that Mary Beske was in actual, open, exclusive, and adverse possession of the lot, by herself and her tenants, at the time Taber bought and paid for the lot, put him on inquiry as to her rights and claims upon the property and charged him with knowledge of all that such inquiry, if pursued, might have developed. (*Bryan* v. *Ramirez*, 8 Cal. 467, [68 Am. Dec. 340]; *Dreyfus* v. *Hirt*, 82 Cal. 625, [23 Pac. 193]; *Fair* v. *Stevenot*, 29 Cal. 489; *Stonesifer* v. *Kilburn*, 122 Cal. 664, [55 Pac. 587]; *Woodson* v. *McCune*, 17 Cal. 304; *Scheerer* v. *Cuddy*, 85 Cal. 270, [24 Pac. 713]; *Beattie* v. *Crewdson*, 124 Cal. 579, [57 Pac. 463].) His actual knowledge is, therefore, not necessary to support the judgment. But the contention that the evidence does not support the finding that Taber was informed as aforesaid is based upon the theory that this court may disregard the testimony of the witness Horsford which fully supports the finding. This cannot be done. [2] We must presume that the court believed the testimony of the witnesses which supports its findings. The fact that at one time during the trial the judge of the court below expressed a disbelief of Horsford's testimony does not change this rule. The findings constitute the evidence to this court of the final conclusion of the court below as to the facts.

Appellant further claims that the evidence shows that Mrs. Beske owed him for money expended for the benefit of the property during the time between his acquisition thereof and the beginning of her action the sum of $1,443.43 instead of $840, as found by the court, the difference being interest claimed on the sums paid. Mary Beske received $550 from Horsford, for which the court may have given Taber credit. Taber paid $494.35 as taxes against the property and he claimed credit for $110 on a note purporting to have been signed by Horsford and Mrs. Beske to Taber. These sums amount to $1,154.35. Horsford paid to Taber $294 after the deed to Taber was executed, stating to Taber that it was rents received by him from the tenants of the property.

Deducting this sum leaves a balance of $860. Assuming that the $110 note was valid, the amount allowed was only $20 less than this balance. Taber did not pay the $550. That was paid to her by Horsford long before Taber bought the lot. Mrs. Beske denied that she ever signed the $110 note. The findings do not show how the court below computed the sum of $840 as the balance due Taber. The record is in typewriting and the evidence is contradictory, complicated, and confusing. Appellant does not print in his brief the testimony of Mrs. Beske denying the execution of the note. Under all the circumstances, we cannot say that the finding does not include interest on all the sums properly awarded to Taber.

Lastly it is claimed that the court erred in denying the motion for a new trial. The only ground argued in support of the point is that of newly discovered evidence. It is obvious from the affidavits introduced at the hearing of the motion that by the exercise of reasonable diligence the plaintiff could have discovered the evidence at the time of the trial. [3] The rule is that in order to obtain a new trial upon the ground of newly discovered evidence, the party seeking it must show that he used reasonable diligence to obtain it before the close of the trial and that, notwithstanding such diligence, he failed to discover it. The court was justified in refusing a trial upon this ground, if upon no other.

No other points are urged in support of the appeal. We find no ground upon which it can be sustained.

The judgment is affirmed.

Lawlor, J., and Olney, J., concurred.

Hearing in Bank denied.

All the Justices concurred.