(No. 4766. April 19, 1928.)

P. C. O'MALLEY and ZOE O'MALLEY, Appellants, v. MRS. A. W. JONES, Respondent.

[266 Pac. 797.]

P. C. O'Malley, for Appellants.

Merrill & Merrill, for Respondent.

BUDGE, J.—Appellants brought this action against respondent to recover possession of a strip of land 10 feet in width and 76 feet in length, alleged to be a part of lot 5, block 435, south Main Street, in the city of Pocatello, of which lot appellants are the owners. According to the plat of the original government survey, lot 5 was given a frontage of 40 feet. Respondent is the owner of the lot adjoining on the south, and at the time she and her husband took possession of their lot and erected a dwelling-house thereon, more than 32 years ago, there was a fence between the two lots extending over what appellants contend is the true dividing line a distance of 10 feet. A portion of respondent's dwelling-house stood on this 10-foot space, and an addition thereto a few years later made it cover the entire width of the 10 feet in controversy. The fence has always been maintained on the same line

as it was when respondent took possession of lot 6, and she has resided on the lot and in the same house for a period exceeding 32 years. After trial, judgment was entered dismissing appellants' complaint and quieting title in respondent to the disputed land. Appellants have taken an appeal from the judgment so entered.

The trial court found in favor of respondent on the theory of adverse possession and agreed boundary. Since it is not clear that respondent paid taxes other than in accordance with her record title, the finding as to adverse possession cannot stand unless there is evidence to support a finding as to an agreed boundary. There is no direct evidence of any mutual agreement, and the question must therefore be determined from the conduct of the parties, viewed in the light of the surrounding circumstances.

The evidence shows without conflict that for the 32 years and more that respondent has been in the possession of the property the fence between her lot and appellants' has stood on the same line and been continuously maintained thereon during that period. At the time of taking possession of the property respondent and her husband had their home constructed on the lot, and a portion of it has rested on the disputed strip. It does not appear that respondent's rights to the land within her inclosure have ever been questioned prior to the commencement of this action. A short time before appellants became the owners of the adjoining lot their predecessor stated to respondent that he was being charged for more street pavement than he had within his inclosure, but according to the testimony of respondent she indicated a willingness to pay whatever assessments were due on the area within the lines fixed by the fences surrounding her property, and nothing more was ever said about it. Appellants became the owners of lot 5 in 1913, and for eleven years made no claim to any part of the land within respondent's inclosure. But altogether there has been, so far as the record shows, complete acquiescence in respondent's holding for a much longer period, or for the full 32 years she

has been in possession. These facts are of impelling force against the contentions of appellants.

An agreement fixing a boundary line need not be shown by direct evidence, but may be inferred from conduct, and especially from long acquiescence. (9 C. J. 232; 5 Cyc. 933; 1 Tiffany on Real Property, 2d ed., 999.) A presumption that an agreement formerly was made as to the location of a boundary line may arise from the fact that such line has been definitely defined by the erection of a fence or other monument on it, and that the adjoining owners have treated the same as fixing the boundary between them for such length of time that neither ought to be allowed to deny the correctness of its location. (4 R. C. L. 129.) As was said in *Bayhouse v. Urquides,* 17 Ida. 286, 105 Pac. 1066:

"There is another reason why appellant should not be disturbed in his possession of this property even though it did not actually constitute a part of lot 9. For more than forty years he and his grantor, O'Campo, have been in the actual, peaceable, and quiet possession of the land in question, and have had it included within their inclosure and have erected permanent improvements thereon, and the rule of long and immemorial acquiescence ought to be invoked against respondent at this late date . . . . Statutes of limitation or repose have been enacted to guard against such cases and protect parties against the loss of witnesses, and the frailty of human memory. Long acquiescence ought to also preclude a controversy that will involve rights that have been unquestioned for a generation."

See, also, *Board of Trustees v. Miller,* 54 Cal. App. 102, 201 Pac. 952.

Great stress is laid by appellants upon what they contend is a positive showing that they have paid the taxes upon the disputed strip. Let it be conceded that both parties have paid all taxes assessed upon their holdings as conveyed to them by their respective conveyances. A finding as to an agreed boundary has the effect of extending and diminishing the limits of the deeds to include

and exclude the parcel of land in dispute. Under such circumstances the payment of taxes assessed in this manner is a payment on the land in the possession of the parties. (*Price v. De Reyes*, 161 Cal. 489, 119 Pac. 893.)

From what has been said it follows that the judgment must be affirmed, and it is so ordered. Costs to respondent.

Givens, Taylor and T. Bailey Lee, JJ., concur.

Wm. E. Lee, C. J., took no part in the decision.

Petition for rehearing denied.