(No. 5492.   July 22, 1930.)

N. J. LARSEN, Appellant, v. H. D. BUYS and LILLIE M. BUYS, Respondents.

[292 Pac. 239.]

P. E. Cavaney, for Appellant.

Finley Monroe, for Respondents.

GIVENS, C. J.—In September, 1928, appellant agreed to purchase from the respondents certain premises which he later converted into a dance-hall. The contract provided that Larsen was to pay for the property in monthly instalments, pay the taxes, and complete certain improvements then being made on the property. It was further provided that in case of default in respect to any of the provisions of the contract the property "with all improvements made thereon" would be forfeited to the vendors.

A supplemental agreement described with more particularity the improvements which were to be completed by the vendee, Larsen.

On December 31, 1928, appellant was served with a notice terminating the contract by respondent, H. D. Buys, because Buys had heard that the appellant was not in a position to meet his January payment, due the following day, and had defaulted on the contract in other particulars. The evidence indicates that the appellant remained in possession at least until January 1, 1929, but was unable to make the payment due that day. On January 2d or 3d, respondents took possession and padlocked the hall. By the terms of the contract, appellant was entitled to sixty days' notice before a forfeiture could be declared. Appellant denies that he surrendered the property voluntarily.

The jury returned a verdict for the defendants. Appellant assigns as error the insufficiency of the evidence to sustain the verdict, various rulings of the court and the refusal of the court to give certain instructions.

The controversy involves a sectional wooden portable detachable dance floor and various miscellaneous property such as benches, roller-skates, etc. Respondents make no claim to anything except the dance floor. The rest of the property was attached and sold under execution to satisfy a judgment secured by Buys against Larsen in another action. It appears that such property was purchased by Larsen and is now in his possession. We need not consider it further.

Respondents base their claim to the dance floor on a voluntary surrender. Respondents' attorney declared in

open court that they did not claim it as part of the realty, that they based their claim entirely on such surrender.

The original contract provides that in case of default the land and all improvements thereon were to be forfeited and the supplementary contract enumerated certain improvements but made no reference to the dance floor. It might also be observed in this connection that the tenant which occupied the premises prior to Larsen—a dance club—was permitted to remove its floor. Apparently respondents considered in that instance that the dance floor was a trade fixture which had not become attached to the realty.

The claim in this instance seems to be based on an alleged oral agreement by appellant prior to the execution of the written contracts that the floor was to be security for his performance and that in case of a failure to perform he would surrender it to respondents.

Respondents' attorney on cross-examination over appellant's objection was permitted to inquire about this oral agreement. This was improper and prejudicial inasmuch as its purpose was to add a very significant feature to the written contracts. A written contract, in the absence of fraud, accident or mistake, may not be varied, contradicted or extended by parol evidence. (*Jacobs v. Shenon*, 3 Ida. 274, 29 Pac. 44; *Davis v. Idaho Minerals Co.*, 40 Ida. 64, 231 Pac. 712; *Milner v. Earl Fruit Co.*, 40 Ida. 339, 232 Pac. 581; *Corbett v. Winston Elkhorn Coal Co.*, 296 Fed. 577; *Weber v. Killorn*, 66 Mont. 130, 212 Pac. 852; *Snider v. Deban*, 249 Mass. 59, 144 N. E. 69; 22 C. J. 1098.)

Under some circumstances it may be construed and explained but the attempt in this case was not to explain but to enlarge. (*Kessler v. Pruitt*, 14 Ida. 175, 93 Pac. 965; *Barnett v. Hagan*, 18 Ida. 104, 108 Pac. 743; *Crittenden v. Cobb*, 156 Fed. 535.)

The rights of the parties were established by the written contracts. In neither the original contract nor in the supplemental agreement is there anything to the effect that the appellant agreed that the dance floor should be security for his performance which he would surrender upon default.

The judgment is reversed and the cause remanded, with instructions to the trial court to grant a new trial as to the possession of the dance floor and damages for the detention thereof. As to the balance of the property, the judgment is affirmed.

No costs awarded.

Budge, Lee, Varian and McNaughton, JJ., concur.