[Sac. No. 4775. In Bank.—April 25, 1935.]

J. R. GARRETT COMPANY (a Corporation), Respondent,
v. S. J. STATES et al., Appellants.

Fred W. Lake for Appe_

J. A. Pardee for Resp_

THE COURT.—The _ were correctly
stated in our former op_
"This is an appeal b _om a judgment
for the plaintiff in an a_ _e to certain parcels
of land in Lassen count_

"The defendant S. J. States at all times involved herein was in actual possession of the property. His claim of possession initially was founded upon a patent issued to him by the United States Government in 1914. In 1918 one Barcley, then president of a Nevada corporation called Workers Association, offered, on behalf of the corporation, to buy the property from States for the sum of $500 cash and $2,500 in stock of that corporation. States accepted the offer and on June 28, 1918, delivered to Barcley a deed to the property, whereupon Barcley agreed to return and deliver to the defendant States the cash and stock. Barcley never returned, nor was payment ever received. The deed was recorded on July 3, 1918. On October 9, 1918, the Workers Association mortgaged the land to Poteet, to secure a loan of $1,500. Poteet assigned to Fannie Barcley, who assigned to the plaintiff. The mortgage was foreclosed, and a commissioner's deed under foreclosure sale was delivered to the plaintiff and recorded on July 19, 1923.

"The plaintiff paid the 1919 taxes on the property. The 1920, 1921, 1922 and 1923 taxes were paid by States. He attempted also to pay the 1924 taxes, but the amount tendered was refused by the tax collector because the taxes had already been paid by the plaintiff. The plaintiff paid the taxes for all the subsequent years.

"The action to quiet title was commenced by the plaintiff in April, 1930. Both parties set up their respective claims. The defendants in addition pleaded, as a bar to plaintiff's claim, section 318 of the Code of Civil Procedure, and that the defendant States had title by adverse possession. The trial court found for the plaintiff and entered judgment accordingly."

 In that opinion we held that there was a legal and valid delivery of the deed from States to the Workers Association, and that the plaintiff's action was not barred by the statute of limitations. We adhere to our former decisions of those questions. However, a further question has arisen, and that is whether the plaintiff was an innocent purchaser of said real property, as against the defendant States, who was in possession of said real property at the time of plaintiff's purchase. States never was paid anything for his land by his vendee, the Workers Association. There was a total failure of consideration for his deed to

that corporation. As against his immediate grantee he had a valid defense to any action that might have been brought against him to recover said real property, by reason of said failure of consideration. This defense, however, would not avail him in any action brought against him by an innocent purchaser of said real property. Was the plaintiff such an innocent purchaser? Plaintiff purchased said real property while States was in actual possession thereof. As a general rule, possession of real property is constructive notice to any intending purchaser or encumbrancer of said property. This rule is so well established that citation of authority is hardly necessary. We mention, however, the case of *Follette* v. *Pacific L. & P. Co.*, 189 Cal. 193, 205 [208 Pac. 295, 23 A. L. R. 965], where a long list of authorities is cited. This rule applied even in the case of a grantor remaining in possession after execution and delivery of a deed to his vendee. (*Pell* v. *McElroy*, 36 Cal. 268, 272, 274; *O'Rourke* v. *O'Connor*, 39 Cal. 442; *Taber* v. *Beske*, 182 Cal. 214, 216 [187 Pac. 746]; *Hopkins* v. *Garrard*, 7 B. Mon. (Ky.) 312.)

In *Pell* v. *McElroy, supra,* the question presented in the instant case was before the court, as appears from the following quotation from the opinion in that case: ''In the present case the question arises, whether the fact of open, notorious, and exclusive possession of lands by a vendor thereof, after transfer of his legal title thereto by deed, is sufficient to put a subsequent vendee of the same premises, while so in possession of the original vendor, upon inquiry as to the equitable rights of such original vendor, and subject such subsequent purchaser to the same rules as when a stranger to the title of his vendor, as of record, is in possession.'' Continuing, the court, on page 274 [36 Cal.], says: ''An absolute deed divests the grantor not *only* of his legal title, but right of possession; and when such grantor is found in the exclusive possession of the granted premises long after the delivery of his deed, here is a fact antagonistic to the fact and legal effect of the deed; and we cannot appreciate the justice, sound reason, or policy of a rule which would authorize a subsequent purchaser, while such fact of possession continues, to give controlling prominence to the fact and legal effect of the deed, in utter disregard of the other notorious prominent antagonistic fact of exclu-

sive possession in the original grantor. He cannot be regarded *a purchaser in good faith* who negligently or willfully closes his eyes to visible pertinent facts, indicating adverse interest in or incumbrances upon the estate he seeks to acquire, and indulges in possibilities or probabilities, and acts upon doubtful presumptions, when by the exercise of prudent, reasonable diligence he could fully inform himself of the real facts of the case.'' In the concluding paragraph of the opinion the court reiterates the rule as follows: ''The continued exclusive possession of a vendor after his formal conveyance of the legal title is a fact in conflict with the legal effect of his deed, and is presumptive evidence that he still retains an interest in the premises, and is sufficient to put a purchaser upon inquiry, and subject him to the general rule heretofore announced in case of the party in possession being a stranger to the title as of record.'' The case of *Pell* v. *McElroy, supra,* is cited with approval in many cases decided by this court.

The same principle is expressly approved in *Taber* v. *Beske, supra.* In that case Mrs. Beske, an ignorant woman, desired to borrow the sum of $500 upon a lot owned by her. She so informed one Horsford, who fraudulently prepared a power of attorney in his favor, and represented to her it was a mortgage on her lot to secure the payment of $500. She, relying upon his statement and without reading the power of attorney, signed it, and Horsford gave her the sum of $500. After a short visit to her old home in Europe she returned to her home here, and ever since that time had been in possession and occupancy of said lot, either in person or through her tenants. Horsford, acting under his power of attorney, conveyed the lot to one Dennison, who paid no consideration and who knew that the conveyance was unauthorized. Thereafter, and while defendant Beske was in the possession of said lot, Horsford and Dennison conveyed the lot to plaintiff for a valuable consideration. The trial court found that plaintiff acquired title to said real property with notice of the defendant's rights therein and rendered judgment in favor of the defendant. In affirming the judgment this court said (p. 217 [182 Cal.]): ''Appellant contends that there is no evidence to support the finding that Taber, at the time he purchased and received the deed, was informed of the power of attorney and the circumstances of

its execution. The finding that Mary Beske was in actual open, exclusive, and adverse possession of the lot, by herself and her tenants, at the time Taber bought and paid for the lot, put him on inquiry as to her rights and claims upon the property and charged him with knowledge of all that such inquiry, if pursued, might have developed.''

In *Hopkins* v. *Garrard, supra,* the opinion delivered by Chief Justice Marshall states the law upon this question as follows: ''But the fact that, notwithstanding his deed to Hopkins, which acknowledged full payment, Garrard, the grantor, remained in possession of the land, was an indication that he had or claimed some interest in the land, and should have put the subsequent vendees on an inquiry, by which they would have easily learned that the purchase money was, in fact, unpaid, and probably that Garrard was holding the possession as security for it. On the ground of notice, therefore, implied from the possession, the lien of Garrard for his purchase money is considered effectual against the subsequent purchase, even beyond the effect of the *lis pendens.*''

While the respondent, at the argument of this cause upon rehearing, was given time in which to present authorities upon the question as to whether States' possession was not notice to plaintiff of States' rights in said real property, it has not furnished us any authorities to refute those cited above.

The trial court found that defendant ''S. J. States for more than 15 years last past continuously has been, and is now in the actual possession of said land, and the whole thereof''. This possession of States was notice to plaintiff of whatever right States had in said property at the time plaintiff purchased the same. Plaintiff was not, therefore, an innocent purchaser, but acquired said property subject to the rights of States therein. ■ As the consideration for States' deed totally failed, he was entitled to rescind the sale. (Civ. Code, sec. 1689, subd. 2.) The evidence shows that States did so rescind. After waiting for Barcley to return with the $500 and shares of stock for over a month, he made a trip to Nevada, called upon the Workers Association, and demanded a return of his deed, with which demand the Workers Association failed to comply.

As we have seen, the consideration for States' deed wholly failed. Defendant States filed a cross-complaint asking that his title be quieted. We think he is entitled to the relief prayed for. The evidence is without conflict. Nothing could be gained by a further trial. The judgment is reversed and the trial court is directed to enter judgment in favor of the defendants and quieting defendant States' title to said real property.