[No. 30983. Department Two. June 17, 1949.]

EDWIN GEORGE ANGELL, *Cross-appellant,* v. DANA W. HADLEY *et al., Respondents,* A. F. RUIZ, *et al., Appellants.*[1]

*Merrill Wallace,* for appellants.

*Marion Garland, Sr., Marion Garland, Jr., W. R. Garland,* and *Frank Hunter,* for cross-appellant.

*Bryan & Merkel,* for respondents.

SIMPSON, J.—This action, though brought for the stated purpose of rescinding a contract of sale, and based upon alleged misrepresentations as to the extent of the property purchased on a partial payment plan, really involved a dispute as to the dividing line between certain properties.

The property in question lies on the east side of Hood Canal. Appellants and respondents are adjoining property owners. A deep ravine, with a creek at the bottom thereof, exists between their properties.

Respondents purchased their property in 1930. At that time, one Lillico owned the property on both sides of the presently disputed boundary line. A man named Prindle lived to the north. Mr. Hadley insisted that the boundary lines should be established before he purchased the property. When a survey was made and the north line established, it was so far north that Prindle thought it came too

[1]Reported in 207 P. (2d) 191.

close to the south end of his house. Because of this fact, Lillico sold to Prindle the north sixty-five feet of his tract. The remainder was sold to respondents. Appellants Ruiz bought the original Prindle tract, including the sixty-five feet purchased from Lillico.

Respondents' evidence shows that, when the arrangement was made between Lillico and Prindle, the surveyor indicated a dividing line between the properties, the line being established by placing an iron stake near an old cedar stump and another at the mouth of the creek. The line defined the northern boundary of the Hadley property— the one approved by the trial court. During the years preceding the bringing of this action, the line established by Hadley and Prindle remained as the accepted boundary line of the property. Other witnesses testified to the fact that the parties, Hadley and Prindle, in using their properties, observed the property line as surveyed in 1930.

The evidence given in opposition to that just detailed, consisted for the most part of statements as to the results of a survey made by a civil engineer. The survey in no way disputed the direct evidence given by the respondents' witnesses, but purported to show that the survey made in 1930 was erroneous. Some other evidence was introduced to show that no stakes or markers were found by which the boundary line could be identified.

The location of the boundary line was a fact to be determined from the evidence given in court. We are satisfied that the evidence entirely justified the conclusion reached by the trial court. The boundary line was established in 1930 by a survey and by the mutual agreement of the then owners of the property. This was accomplished after a sixty-five foot strip of land was sold to Mr. Prindle so that he would have sufficient land for his purposes and the line would not be too close to his home. This line was pointed out to appellants when they purchased their property. They are bound by the definite agreement made by their predecessors in interest.

"The location of a line by a common grantor is binding upon the grantees." *Turner v. Creech,* 58 Wash. 439, 108 Pac. 1084.

Accord: *Farrow v. Plancich,* 134 Wash. 690, 236 Pac. 288; *Windsor v. Bourcier,* 21 Wn. (2d) 313, 150 P. (2d) 717; *Strom v. Arcorace,* 27 Wn. (2d) 478, 178 P. (2d) 959; *Thompson v. Bain,* 28 Wn. (2d) 590, 183 P. (2d) 785; *Atwell v. Olson,* 30 Wn. (2d) 179, 190 P. (2d) 783.

The judgment of the trial court was correct and is therefore affirmed.

JEFFERS, C. J., ROBINSON, SCHWELLENBACH, and GRADY, JJ., concur.