[Civ. No. 7630. Third Dist. Nov. 14, 1949.]

GEORGE G. NEEDHAM et al., Respondents, v. HOWARD N. COLLAMER et al., Appellants.

J. H. Brill for Appellants.

Lovett K. Fraser for Respondents.

PEEK, J.—The defendants appeal from a judgment entered in an action instituted by plaintiffs to quiet their title to certain property located in Lake County. Plaintiffs and defendants are the owners of adjoining lots and the controversy concerns the location of the boundary line between their respective properties.

By a deed dated February 8, 1945, J. Dan Moy and Evalene Moy conveyed to plaintiffs Lot 24 of a subdivision known as "Restricted Park Tract Subdivision of Lot 12, Clear Lake Acres," and on May 4, 1945, the same grantors conveyed to the defendants an adjoining lot designated as Lot 25 in the same division. The foregoing deeds described the property thereby conveyed by reference to the official map of the subdivision recorded in 1923.

The court found that the Moys were the owners of Lots 24 and 25 prior to the execution of the aforementioned deeds; that the westerly boundary of Lot 24 is coincident with the easterly boundary of Lot 25; that at the time of the conveyance of Lot 24 to the plaintiffs Mr. Moy indicated the boundary line to the plaintiffs as running from an iron stake driven in the ground at the northwest corner of Lot 25 in a southerly direction to a double tree on the lake shore and on into Clear Lake for a distance of 352 feet and that said line passed 30 inches west of the westerly wall of the garage located on Lot

24. The court further found that plaintiffs, after the execution of the deed conveying Lot 24 to them, occupied said Lot 24 up to the line so indicated by Moy and have so occupied said lot ever since; that Moy occupied Lot 25 up to the line so indicated and agreed upon; that the defendants, after the conveyance to them of said Lot 25 by the Moys, occupied the same up to the boundary line so designated and agreed upon between Moy and the plaintiffs as the boundary line; and that plaintiffs put in a pipe line along the west line of their lot without objection by the Moys or the defendants as to its location.

A surveyor who, at the request of defendants, resurveyed Lot 25 in July, 1945, placed the northeast corner of Lot 25 approximately 2½ feet to the east from the iron stake found by the court to be the northwest corner of Lot 24. The effect of the boundary line as established by said survey was to place part of the garage now located on Lot 24 on to Lot 25, whereas, as above stated, the boundary line as indicated by Moy and agreed upon with plaintiffs passed 30 inches to the west of the garage.

The defendants do not challenge the sufficiency of the evidence to sustain the foregoing findings, their contention being that such findings do not sustain the judgment as a matter of law, i. e., that before a disputed boundary can be fixed by agreement it must be acquiesced in for a period equal to the statute of limitations which admittedly is not the situation herein.

While it is true as a general rule that the period of acquiescence in the agreed boundary must be equal to the period of the statute of limitations (*Silva* v. *Azevedo,* 178 Cal. 495 [173 P. 929]) such rule is not without its exceptions. As stated in *Young* v. *Blakeman,* 153 Cal. 477 [95 P. 888], which case was cited with approval in *Martin* v. *Lopes,* 28 Cal.2d 618 [170 P.2d 881], experience has shown that measurements made at different times by different persons with different instruments will usually vary with the result that a line so established would never become a fixed boundary but would be subject to the variance of each new measurement. Hence it is now well established that where adjoining owners have agreed upon the true position of their boundary line, built up to it or otherwise so improved their property that substantial loss would result if the agreed boundary line were subsequently changed (153 Cal. 477, 481) and regardless of its

accuracy as may appear by subsequent measurements, such line becomes the true line called for by the respective descriptions. (*Howatt* v. *Humboldt Milling Co.*, 61 Cal.App. 333 [214 P. 1009].)

Additionally defendants argue that they can only be bound by the record title and that as against them plaintiffs can only assert such record title. A similar contention was made in the Young case, and the court therein stated that the line so agreed upon attaches to the deeds of the original parties and is binding on them and their successors by subsequent deeds. (See, also, *Martin* v. *Lopes, supra,* and *Loustalot* v. *McKeel,* 157 Cal. 634 [108 P. 707].)

It therefore appears that the finding of an agreed boundary herein is sufficient to support the judgment even though not acquiesced in for the prescriptive period. While the court made no express finding as to substantial loss it did find that plaintiffs had installed a pipe line along the agreed line and it further found that the agreed line lay to the west of plaintiffs' garage, whereas if the line were moved in accordance with defendants' survey a portion of the garage would be on defendants' property. Therefore there is sufficient evidence shown by the record herein to sustain an implied finding that substantial loss would result to plaintiffs if the agreed line were moved. (*Sacramento etc. Dist.* v. *Pacific G. & E. Co.,* 72 Cal.App.2d 638, 648 [165 P.2d 741].)

Defendants further contend that the agreed boundary line cannot be upheld because it is not "marked upon the ground by a dividing fence or similar monument." While the actual erection of a fence or like monument along an agreed boundary would have great weight in the fixing of such a boundary such means are not exclusive, since the primary question is one of fact going to the question of whether there was an agreed boundary, and if so by what visible thing was it delineated. Here the evidence shows and the court found that the line was fixed by the plaintiffs and the Moys as running from an iron stake, which had been in position for more than 18 years, to two willow trees on the lake shore; that said line ran 30 inches to the west side of plaintiffs' garage, which garage had been built by Moy while he occupied the premises and in accordance with his understanding as to the boundary line.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.