WALTRIP et ux. v. CATHCART et ux.

No. 35256.    Nov. 12, 1952.

*250 P. 2d 43.*

Wheeler & Wheeler, Tulsa, for plaintiffs in error.

Gable, Gotwals & Hays, Tulsa, for defendants in error.

BINGAMAN, J.    The plaintiffs in error as plaintiffs in the trial court sought to quiet title and to recover possession of a strip of land between the dwelling houses of plaintiffs and defendants, described as the south 22½ feet of the north 45 feet of lot 8, in block 2, Rose Hill Ranch addition, Tulsa county, Oklahoma. By cross-petition defendants sought reformation of their deed to include this strip of land and to quiet their title thereto. From a judgment reforming defendant's deeds to include all that part of said strip north of a rock wall about five or six feet north of the south line of said strip, and quieting their title thereto, the plaintiffs have appealed.

Lots 7 and 8, both front on Union avenue, which runs along the west side of said lots. Lot 7 has 150 feet of frontage on this avenue and lot 8 has 240. Lot 10 lies east of lots 7 and 8 and is 390 feet wide, which is exactly the width of lots 7 and 8 combined. Lot 8 and the south half of lot 10 were formerly owned by A. L. Eckleberger, and at the same time lot 7 and the north half of lot 10 were owned by his daughter, Lucile White. The undisputed evidence shows that during the time this property was so owned and between 1917 and 1923, Lucile White and her parents agreed to straighten the line between their respective properties and established a rock wall as such boundary line. This rock wall approximately conformed to the division line between the north half

and the south half of lot 10, and was mutually considered by the parties to be 45 feet south of the north line of lot 8. Deeds were not exchanged between Mrs. White and her parents to conform to this agreed boundary line, but in 1923, when Mrs. White and her husband sold their property to one Frank Lang, a deed conveying lot 7 and the north half of lot 10 was executed to Lang by the Whites and at the same time a deed was made by A. L. Eckleberger and wife to Lang to the north 45 feet of lot 8. Neither of these deeds contained any mention of the rock wall or other boundary monument, but the undisputed evidence shows that the rock wall in question was the recognized boundary and that the parties intended to convey to Lang all of the property north of this rock wall and only that north of it.

In January, 1936, Lang sold all the property acquired by him in these lots to the defendants. He testified that he sold to them everything north of this rock wall, which he informed them was the boundary line. In executing the conveyance, however, the property was described as lot 7 and the north half of lot 10. No reference whatever was made in this conveyance to the north 45 feet of lot 8, which had been transferred to Lang by Eckleberger.

The evidence further showed that in September, 1936, as a result of a conversation between Eckleberger and the defendants, it was discovered Lang's deed to the defendants did not convey all of the property. To correct this defect and to conform to what the parties believed was the true legal description necessary to establish the boundary at the rock wall in question, the Ecklebergers executed a conveyance to the defendants to the north 22½ feet of the north 45 feet of lot 8, the defendants executed to Eckleberger a deed to the south 22½ feet of the north half of lot 10, and Lang executed a conveyance to Eckleberger to the north 45 feet of lot 8. All of these deeds were then recorded. The defendants contin-

ued in possession of all of the property north of the rock wall.

In December, 1936, Eckleberger sold his interest in the property to plaintiffs and conveyed the same to them by an instrument describing the property as the south half of lot 10, and lot 8, less the north 45 feet thereof. Thereafter, the Ecklebergers moved to California.

In 1948, the plaintiffs discovered from their tax receipts that they were paying taxes on all or some part of the strip of land in question. Investigation on their part disclosed the record legal title was still in Eckleberger to the south 22½ feet of the north 45 feet of lot 8. In January, 1949, for a nominal consideration, plaintiffs procured a deed for such land from Eckleberger and wife and this litigation followed.

The power of the courts to reform deeds containing a mutual mistake in the description of the land conveyed was recognized by this court and the general rule announced in Davis v. Jackson, 192 Okla. 15, 132 P. 2d 923. The degree of proof, however, to justify the reformation must be full, clear, unequivocal and convincing both as to the mistake and its mutuality as therein established.

The direct evidence of the mutual mistake is clear, unequivocal and un-'isputed with the exception of the inference that might be drawn from the execution and recording in September, 1936, of the deeds from defendants to Eckleberger, from Lang to Eckleberger and from Eckleberger to the defendants. The plaintiffs contend that by these conveyances full title to the north 45 feet of lot 8 was re-established in Eckleberger, and that a new boundary was by these deeds established independent of any previously existing boundary at the rock wall. The fact that an undisputed boundary had been established by the parties prior to that date, and the further fact that there was no change of either boundary or possession after that time, in our opinion, justifies the conclusion of the trial

court that this was an effort of the parties to make the legal descriptions conform to the actual boundary without benefit of a survey.

In Wise v. Latimer, 200 Okla. 526, 198 P. 2d 1001, in a very similar situation, we directed reformation of a deed and also recognized the rule that a purchaser of realty is charged with notice of whatever rights a person in actual possession may have. The plaintiffs therefore purchased the strip of land in question, charged with whatever rights the defendants might have therein.

Numerous authorities are cited by the plaintiffs on the issue of adverse possession and the establishment of boundaries. Since we hold the defendants were entitled to reformation and the defendants are in possession of the property there is no issue of title by prescription. Also, since it is our view the conveyance was to an established point and the legal description should be reformed to conform to that point rather than a correct legal description with a variation in boundary by agreement of the parties, the decisions on boundaries cited by the plaintiffs are not in point.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, JOHNSON, and O'NEAL, JJ., concur.

