268 P.2d 351

**PAURLEY et ux. v. HARRIS et ux.**

**No. 7927.**

Supreme Court of Idaho.

March 16, 1954.

Fairchild & Fairchild, Boise, for appellants.

Maurice H. Greene and Raymond D. Givens, Boise, for respondents.

TAYLOR, Justice.

Lots 1, 2 and 3 in Block 2 of Lover's Lane addition to Boise City constitute a parallelogram, the lines of which do not run true north and south or true east and west. The side lines on the east and west run some few degrees to the east of true north and to the west of true south. The lots were owned by one Lillian Ferrell. On June 30, 1947, she entered into a contract with the defendants for the sale to them of the north one-half of the property, described in the contract as the "North One Half of lots 1, 2, and 3 * * *." March 10, 1950, she contracted to sell to the plaintiffs the remainder, described as the "South Half of Lots 1, 2, and 3 * * *." About a month after entering into possession, some time in July or August, 1947, the defendants erected a board fence on what they claim to be the dividing line between the property purchased by them and that retained by the seller. This fence is somewhat to the south of a line, drawn parallel to the north and south end lines of the parallelogram, which would divide the property in equal parts.

Plaintiffs, claiming to this center line, brought this action in ejectment to obtain possession of the area lying between the fence and the center line. After certain denials and admissions, the defendants in their answer allege their contract, a description of the property claimed by them thereunder, then follows lengthy allegations concerning prior occupancy of the respective tracts, and negotiations between defendants and the former owner leading up to the sale. They further allege that prior to their contract there was no division line, mark or monument separating the two portions of the property; that the owner Ferrell, acting through an agent, represented to them that the dividing line was located as now claimed by them; and that the agent pointed out and indicated the course of the division line; that they believed, and relied on, these representations in contracting to buy; that almost immediately after taking possession they built the fence referred to, leveled the ground, planted lawn, trees and shrubbery thereon and have since continuously occupied same; that at the time plaintiffs contracted to purchase the south one-half of the property they knew that defendants occupied and claimed the property enclosed by the fence; that defendants' contract of purchase was drawn by the

owner Ferrell; that the description of the property therein contracted for is erroneous and does not properly describe the property sold to them; that the mistake went unnoticed by defendants; that they believe the mistake was mutual and, if not, then, in that event, the seller perpetrated a fraud upon them.

On plaintiffs' motion the court struck from the answer paragraphs four through eighteen, containing the foregoing and other affirmative allegations, on the ground that the same are immaterial, sham and frivolous. On the trial, defendants offered evidence to the effect that Mrs. Ferrell, accompanied by a real estate agent, came to their house and proposed the sale; that she and her agent pointed out the division line to be established, and that stakes were driven to mark the line. The court sustained the objection that this offered evidence was incompetent; involved matters merged in the contract; and that the contract could not be varied by such proof.

■ The striking of the affirmative allegations from the answer and the rejection of this offered proof presents the controlling issue on this appeal. The general rules applicable are not in question. Oral stipulations, agreements and negotiations, preliminary to a written contract, are presumed merged therein, and will not be admitted to contradict or vary its plain terms. Hurt v. Monumental Mercury Mining Co., 35 Idaho 295, 206 P. 184; Milner v. Earl

Fruit Co., 40 Idaho 339, 232 P. 581; Larsen v. Buys, 49 Idaho 615, 292 P. 239; Fidelity Trust Co. v. State, 72 Idaho 137, 237 P.2d 1058. Fraud or mistake may be shown, in any case, to void or reform a contract. Udelavitz v. Ketchen, 33 Idaho 165, 190 P. 1029; Gould v. Frazier, 48 Idaho 798, 285 P. 673; Advance-Rumely Thresher Co. v. Jacobs, 51 Idaho 160, 4 P.2d 657; Creem v. Northwestern Mut. Fire Ass'n, 56 Idaho 529, 56 P.2d 762; Utilities Engineering Institute v. Criddle, 65 Idaho 201, 141 P.2d 981.

■ Although burdened and commingled with much that is sham and redundant, we think defendants' imperfect pleading of fraud or mistake was sufficient for the admission of the evidence offered, and should not have been stricken.

"The particular rule applicable here is that where the seller and the buyer go upon the land and there agree upon and mark the boundary between the part to be conveyed and the part to be retained by the seller, the line thus fixed controls the courses and distances set out in the deed executed to effectuate the division agreed upon." Campbell v. Weisbrod, 73 Idaho 82, at page 89, 245 P.2d 1052, at page 1057.

■ Applying that rule here, and assuming that defendants' proof would establish the facts, if the former owner and the defendants went upon the property prior to the execution of the contract, and there agreed

upon a dividing line which was marked upon the ground, and the defendants thereafter contracted to buy, relying upon the agreed boundary, took possession, and occupied and enclosed the property up to the line agreed upon, and such possession was known to the seller, who acquiesced therein for a considerable period of time, such a state of facts would support the conclusion that the seller is bound by the dividing line agreed upon, even though it varies from the description written in the contract. Atwell v. Olson, 30 Wash.2d 179, 190 P.2d 783; Arnold v. Hanson, 91 Cal.App.2d 15, 204 P.2d 97; Angell v. Hadley, 33 Wash.2d 837, 207 P.2d 191; Lake, for Use and Benefit of Benton v. Crosser, 202 Okl. 582, 216 P.2d 583; Nebel v. Guyer, 99 Cal.App.2d 30, 221 P.2d 337; Frericks v. Sorensen, 113 Cal. App.2d 759, 248 P.2d 949; Pacific Gas & Electric Co. v. Minnette, 115 Cal.App.2d 642, 252 P.2d 642; Appeal of Moore, 173 Kan. 820, 252 P.2d 875; Millikin v. Sessoms, 173 N.C. 723, 92 S.E. 359; 170 A.L.R. Annotation 1144. Cf. Mulder v. Stands, 71 Idaho 22, 225 P.2d 463; Edgeller v. Johnston, 74 Idaho 359, 262 P.2d 1006.

What is here said of acquiescence by the seller is not to be construed as a holding that such acquiescence alone for the period here involved would be sufficient to establish title by "acquiescence". See Lewis v. Smith, 187 Okl. 404, 103 P.2d 512. Draper v. Griffin, 61 Cal.App.2d 281, 142 P.2d 772; Willie v. Local Realty Co., 110 Utah 523, 175 P.2d 718; Needham v. Collamer, 94

Cal.App.2d 609, 211 P.2d 308; Dragos v. Russell, Utah, 237 P.2d 831; Martin v. Lopes, Cal.App., 164 P.2d 321; Id., 28 Cal. 2d 618, 170 P.2d 881. Here the seller's acquiescence is merely regarded as competent evidence of the agreement and of the fraud or mistake by reason of which the contract, subsequently drawn by the seller, did not conform to the agreement. Edgeller v. Johnston, 74 Idaho 359, 262 P.2d 1006; Mello v. Weaver, 36 Cal.2d 456, 224 P.2d 691; Crook v. Leinenweaver, 100 Cal.App. 2d 790, 224 P.2d 891; Rahlves Rahlves, Inc., v. Ambort, 118 Cal.App.2d 465, 258 P.2d 18.

As indicated in Campbell v. Weisbrod, supra, such an agreed boundary would also be binding upon a successor in interest of the seller, who purchased with notice of the agreement. The boundary, which defendants claim, was clearly marked by "a tight board fence", four or five feet in height, and the area on defendants' side of the fence was planted to lawn, shrubbery and trees. This would constitute notice to an intending purchaser, of defendants' possession. One buying property in the possession of a third party is put on notice of any claim of title or right of possession by such third party, which a reasonable investigation would reveal. Nampa & Meridian Irr. Dist. v. Briggs, 27 Idaho 84, 147 P. 75; Nelms v. Miller, 56 N.M. 132, 241 P.2d 333; Waltrip v. Cathcart, 207 Okl. 404, 250 P.2d 43; J. R. Garrett Co. v. States, 3 Cal.2d 379, 44 P.2d 538; Marlenee

v. Brown, Cal.App., 128 P.2d 137; Three Sixty Five Club v. Shostak, 104 Cal.App.2d 735, 232 P.2d 546; 55 Am.Jur., Vendor and Purchaser, § 712; 66 C.J., Vendor and Purchaser, § 1012. Moreover, plaintiff Paurley testified in effect that he saw the fence and knew of defendants' occupancy of the disputed area before he contracted to buy the south half. If such facts are sufficiently established, the plaintiffs would not be innocent purchasers, and their rights would be subject to the same defense available against their grantor.

We find no merit in other assignments made.

The judgment is reversed and the cause remanded for a new trial. Costs to appellants.

PORTER, C. J., and THOMAS, J., concur.

KEETON, Justice (dissenting).

The fact that the plaintiff Paurley saw the fence now claimed by defendants to be the boundary line dividing the land would not in my opinion put the plaintiffs on inquiry as to the agreement, if there were one, between the common grantors and defendants as to what the true boundary line should be. In other words the boundary fence claimed by defendants to be the boundary would not in itself be sufficient to establish knowledge of plaintiffs that an agreement as to the boundary line existed,

if it did. The fence alone would not establish the true line dividing conterminous properties.

In Campbell v. Weisbrod, 73 Idaho 82, 245 P.2d 1052, the boundary line in dispute was not only uncertain, but it could not be, and was not, determined with certainty. Hence, this court held that the agreed boundary controlled. Such is not true here. The true line in dispute in the present situation could be, and was, established.

Hence, I think the judgment should be affirmed.

BECKWITH, District Judge (dissenting).

Reluctantly, but most earnestly, do I dissent. The facts contained in the majority opinion are sufficient for this dissent, with this additional notation. The agreement between Mrs. Ferrell and the defendants was made June 30, 1947. Harris built the fence about August of 1947. The complaint was filed December 4, 1950 (three years, six months).

For sixty-three years this court has consistently maintained and supported the rule that a boundary line established by agreement by conterminous owners, followed by acquiescence and possession for the full statutory period of time required to acquire title by prescription, operates to establish the true line of the respective estates. Idaho Land Co. v. Parsons, 3 Idaho, Hasb.,

450, 31 P. 791; Bayhouse v. Urquides, 17 Idaho 286, 105 P. 1066; O'Malley v. Jones, 46 Idaho 137, 266 P. 797; Kesler v. Ellis, 47 Idaho 740, 278 P. 366; Woll v. Costella, 59 Idaho 569, 85 P.2d 679; Mulder v. Stands, 71 Idaho 22, 225 P.2d 463; Edgeller, v. Johnston, 74 Idaho 359, 262 P.2d 1006.

Conversely, that such an agreement existing for only two years and four days, does not make the line so established binding or conclusive upon owners of land abutting thereon. Woodland v. Hodson, 28 Idaho 45, 152 P. 205, cited with approval in Campbell v. Weisbrod, 73 Idaho 82, 245 P.2d 1052.

While Campbell v. Weisbrod, supra, decided in 1952, and upon which a majority opinion rests, announced a new rule, that where a buyer and seller agree and mark the boundary, the line thus fixed controls the courses and distances set out in the deed subsequently executed to effectuate the division agreed upon. While the rule as announced does not require any lapse of time by acquiescence therein by the parties, the court in this case leaves no doubt that there must be, in addition to the agreement, an acquiescence by the parties for in explaining the rule the court says there must be both an agreement to fix the boundary, and that the seller must acquiesce therein for a *considerable period of time* to be estopped, and what has been said of acquiescence by the seller is not to be construed as a holding that such acquiescence alone for the period involved would be sufficient to establish title by "acquiescence", but that the seller's acquiescence is regarded as competent evidence of the agreement. All of the authorities cited in the majority opinion to support the above rules of law were cases involving a period of acquiescence for more than five years, our statutory period of time required to establish a prescriptive right, §§ 5-207 and 5-210, I.C., except the case of Draper v. Griffin, 61 Cal.App.2d 281, 142 P. 2d 772, in which the line was established four years, and Needham v. Collamer, 94 Cal.App.2d 609, 211 P.2d 308, where the line was established for a like period of four years, which cases were decided on the rule that where the property is improved to such an extent that a substantial loss would result if the position of the line was changed, both parties would be estopped to have the line changed, which are not the facts in this suit. Appeal of Moore, 173 Kan. 820, 252 P.2d 875, where the line had been established for seven years, the court in citing Steinhilber v. Holmes, 68 Kan. 607, 75 P. 1019, a case where the line had been established for fourteen years, did announce the rule that where the parties agreed and acquiesced in an established line, even though the period of acquiescence falls short of the time fixed by the statute for gaining title by adverse possession, it becomes an established line. All of the authorities cited by the majority opinion on these rules support this dissent rather than the majority opinion.

The court has by the language used in the opinion in announcing the above rules, namely, where seller acquiesced therein for a *considerable period of time,* and that "seller's acquiescence is merely regarded as competent evidence of the agreement", has for all effects overruled all of the cases of this court for the past sixty-three years, which required agreement followed by acquiescence for at least five years to estop either party, including Edgeller v. Johnston, 74 Idaho 359, 262 P.2d 1006, decided November 3, 1953, which corrected the error in Campbell v. Weisbrod, 73 Idaho 82, 245 P.2d 1052, by re-establishing the former precedent. In effect the court announces that henceforth three years, six months of acquiescence is a *considerable period of time,* sufficient to estop one of the parties from ejecting the other.

The only reason to incorporate such a phrase in the opinion as "who acquiesced therein for a *considerable period of time*" (emphasis added), was to leave the law so flexible that it would take care of any future conditions and it most certainly will, because it destroys all security of real property titles in Idaho, and makes chaos, uncertainty and confusion, concerning real property interests, the law in Idaho. Such a phrase is relative only and indefinite in itself, because to the very young time passes very slowly, while to those who have reached that stage in life where the mental and physical faculties begin to slow down,

time passes with ever increasing rapidity, hence what may constitute a *considerable period of time,* depends entirely upon the outlook of the individuals involved, unless it is established by this court that a *considerable period of time* must logically mean five years, as set forth in our statutes of limitations, to establish title by prescriptive rights, which rule was so definitely established in Kesler v. Ellis, 47 Idaho 740, 278 P. 366, wherein the court said:

"* * * it is but logical to say that such acquiescence must continue for a period of not less than five years, thus conforming to the period established by the statute of limitations in cases of adverse possession." At page 744 of 47 Idaho, at page 367 of 278 P.

The opinion sets forth no guidance for the trial courts, and no indication of what this court will hold to be a *considerable period of time* necessary to establish estoppel by acquiescence in future litigation of this nature. It has always been, and I venture to say still is, the prerogative of a trial judge to exclude all incompetent evidence from a case. The trial court was correct in excluding from evidence any and all offered testimony regarding the oral contract and acquiescence of the parties, first, for the reason that the contract being oral and made prior to the execution of the contract to purchase by defendants, is merged in that instrument, and hence, any

such evidence is incompetent, as held by the court. Fidelity Trust Co. v. State, 72 Idaho 137, 237 P.2d 1058, and authorities cited in the majority opinion on this point. Secondly, such an agreement would constitute an attempt to convey land by an oral agreement in violation of our statute of frauds, and would in itself be void. Kunkle v. Clinkingbeard, 66 Idaho 493, 162 P.2d 892, based on the long established precedent of this court that in order to effect an estoppel, the agreement coupled to the acquiescence, must have existed for five full years. Because the trial court did not base the exclusion of this evidence on the last-mentioned ground, is in itself no reason for reversing the judgment, because this court in arriving at a correct solution of the case, which agrees with the erroneous conclusion reached by the trial court, will affirm such judgment. Glander v. Glander, 72 Idaho 195, 239 P.2d 254. What has been said of the evidence in this case is likewise applicable to the pleadings and the motion to strike portions of the answer. The entire answer, including those portions excluded, does not plead any defense, by estoppel, or otherwise, to this action, under the long-established rule of law above set forth. Therefore, the matters excluded in the answer are not sufficient as a defense, neither would any evidence of acquiescence during the period involved be competent evidence to prove estoppel against the plaintiffs.

The judgment should be affirmed.