202 P.3d 1

Ronald CECIL and Darcy Cecil, husband and wife, Plaintiffs–Respondents,

v.

Michael GAGNEBIN and Tana Gagnebin, husband and wife, Defendants–Appellants.

No. 34412.

Supreme Court of Idaho, Boise, December 2008 Term.

Jan. 22, 2009.

Sallaz and Gatewood, Chtd., Boise, for appellants. Gary L. Quigley argued.

Hall, Farley, Oberrecht & Blanton, Boise, for respondents. Randall L. Schmitz argued.

EISMANN, Chief Justice.

This is an appeal from a judgment establishing a boundary by agreement on a motion for summary judgment and from a judgment awarding costs and attorney fees. There was an existing fence designating about one-half of the parties' common boundary. The complaint alleged that the existing fence was presumed to have been erected based upon a boundary by agreement reached by the parties' predecessors in interest. The issue of the location of the common boundary where there was no fence was not raised by the pleadings. Because the district court entered a judgment determining the location of the parties' entire common boundary, including the portion where there was no fence, we vacate that portion of the judgment. We also vacate the judgment for costs and attorney fees.

## I. FACTS AND PROCEDURAL HISTORY

By a deed dated August 28, 1992, Michael and Tana Gagnebin ("Gagnebins") purchased a house in Boise, Idaho. On April 2, 1993, Ronald and Darcy Cecil ("Cecils") purchased the house on adjoining property. The parties' respective properties have a common boundary that runs east and west, with the Cecils' property being north of the Gagnebins' property. At the time the parties purchased their respective houses, a chain link fence divided the back yards of their respective properties. The fence had been in existence since prior to 1977.

The chain link fence ran along the western half of the common boundary. In October 2005, the Gagnebins had the boundary surveyed because they intended to build a large garage near the eastern portion of the boundary. The survey revealed that the fence was located between eighteen inches and three feet south of the property line. On April 17, 2006, the Gagnebins removed a portion of the fence and· replaced it with a wooden fence located on the survey line.

On April 20, 2006, the Cecils filed this action alleging claims of quiet title, trespass, adverse possession, and boundary by agreement. All four causes of action alleged that the fence line marked the boundary.

On July 6, 2006, the Gagnebins filed an answer and a counterclaim seeking to require the Cecils to pay one-half of the cost of erecting the wooden fence. On motion of the Cecils, the district court dismissed the counterclaim by order entered on November 29, 2006.

The Cecils moved for summary judgment on January 8, 2007. Prior to the hearing on the motion, the Gagnebins contacted the Cecils and stated that they would stipulate to a judgment for the relief requested in the Cecils' complaint. Counsel for the parties met in open court on February 5, 2007, and apparently agreed that the Gagnebins' counsel would prepare the stipulated judgment by February 9, 2007. He failed to do so, and by letter dated February 20, 2007, the Cecils' counsel mailed to the Gagnebins' counsel a proposed stipulated judgment for signature by the parties' counsel. When the Gagnebins' counsel failed to sign the proposed judgment, the Cecils' counsel signed it and sent it to the district court. The court signed the stipulated judgment even though neither the Gagnebins' nor their counsel had signed it. The judgment was entered on March 8, 2007.[1] Both parties then sought an award of costs and attorney fees.

On April 4, 2007, the Cecils filed a motion to enforce the stipulated judgment. When the district court learned that the Gagnebins had not signed the stipulated judgment, it decided to grant the Cecils' motion for summary judgment without a hearing. On April 30, 2007, the district court filed its memorandum decision granting the Cecils' motion for

1. The stipulated judgment was not a final judgment because it did not resolve the Cecils' claim for trespass.

summary judgment. It held that the fence was presumed to mark a boundary by agreement and that the Gagnebins committed a trespass when they destroyed the chain link fence. The court ordered them to replace the fence with a proper enclosure. On April 30, 2007, the district court also entered an amended judgment determining the location of the entire length of the common boundary between the parties' properties; ordering a survey with the cost to be split between the parties; requiring the Gagnebins to remove the fence they erected and place it where the chain link fence had been and to restore the Cecils' property as it had been; and determining that the Cecils were the prevailing parties in this litigation.

On May 8, 2007, the Cecils filed a motion to modify the amended judgment on the ground that the court incorrectly described the parties' common boundary east of the fence. On June 12, 2007, the district court issued a second amended judgment describing the boundary east of the fence as requested by the Cecils. The Gagnebins timely appealed.

While the Cecils' motion to amend the judgment was pending, the district court entered an order on May 14, 2007, awarding the Cecils costs in the sum of $1,327.09 and attorney fees pursuant to Idaho Code § 12–121 in the sum of $12,000. The court entered a judgment for the costs and attorney fees on May 14, 2007.

## II. ISSUES ON APPEAL

1. Did the district court err in granting a summary judgment determining the parties' common boundary east of the fence?

2. Did the Gagnebins timely appeal from the judgment awarding costs and attorney fees?

3. Are the Cecils entitled to an award of attorney fees on appeal pursuant to Idaho Code § 12–121?

## III. ANALYSIS

**A. Did the District Court Err in Granting a Summary Judgment Determining the Parties' Common Boundary East of the Fence?**

■ In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Infanger v. City of Salmon*, 137 Idaho 45, 46–47, 44 P.3d 1100, 1101–02 (2002). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* If the matter will be tried to the court rather than the jury, the judge is free to determine what reasonable inferences should be drawn from the undisputed facts. *Union Pac. Corp. v. Idaho State Tax Comm'n*, 139 Idaho 572, 575, 83 P.3d 116, 119 (2004). Since this case was to be tried by the court rather than a jury, the district judge was free to draw reasonable inferences from the undisputed facts.

■ In its memorandum decision, the district court granted summary judgment based upon the doctrine of boundary by agreement. "Boundary by agreement or acquiescence has two elements: (1) there must be an uncertain or disputed boundary and (2) a subsequent agreement fixing the boundary." *Downey v. Vavold*, 144 Idaho 592, 595, 166 P.3d 382, 385 (2007). "[A]n agreement may be presumed to arise between adjoining landowners where such right has been definitely defined by erection of a fence or other monument on the line followed by such adjoining landowners treating it as fixing the boundary for such length of time that neither ought to be allowed to deny the correctness of its location." *Edgeller v. Johnston*, 74 Idaho 359, 365, 262 P.2d 1006, 1010 (1953); *accord O'Malley v. Jones*, 46 Idaho 137, 141, 266 P. 797, 798 (1928); *Morrissey v. Haley*, 124 Idaho 870, 873, 865 P.2d 961, 964 (1993) (using the word "demarcation" rather than monument). Often, the visible object on the ground is a fence. *E.g. Paurley v. Harris*, 75 Idaho 112, 117, 268 P.2d 351, 353 (1954) (a

boundary was "clearly marked by a 'tight board fence' "). However, other monuments or demarcations have been held as sufficient evidence of an agreed-upon boundary. *Griffel v. Reynolds*, 136 Idaho 397, 401, 34 P.3d 1080, 1084 (2001) (farming lines); *Hyde v. Lawson*, 94 Idaho 886, 889, 499 P.2d 1242, 1245 (1972) (stakes driven into the ground). A fence or other visible demarcation is necessary in order to give subsequent purchasers constructive notice of the agreed-upon boundary. *Paurley v. Harris*, 75 Idaho 112, 117, 268 P.2d 351, 353 (1954); *Neider v. Shaw*, 138 Idaho 503, 506, 65 P.3d 525, 529 (2003).

■ In its memorandum decision and order granting summary judgment, the district court only addressed that portion of the parties' common boundary marked by the fence dividing their back yards. The court wrote as follows:

There was an uncertain boundary line between the properties. The parties were ignorant of the true boundary until approximately October 2005. The Plaintiff has provided an affidavit from the previous owner of the Defendant's property. The previous owner states that it was his belief that the fence constituted the boundary line. The law presumes that there is a boundary by agreement from the long recognition of the fence as the boundary line.

The Plaintiff has established that there is no genuine dispute over the two elements needed to establish a boundary by agreement. Therefore summary judgment on this issue is GRANTED.

When granting summary judgment, the district court did not address the location of the parties' common boundary extending east of the fence. The Gagnebins concede that the long-standing fence dividing their back yards is now the boundary between that part of their properties. What the parties do not agree upon is whether there is a boundary by agreement as to the remainder of their common boundary east of the fence. The presumption of a boundary by agreement from the long recognition of the fence as a boundary line only applies where the fence is located. It does not apply to the other half of the parties' common boundary.

Although the district court did not address the unfenced portion of the parties' common boundary when granting summary judgment, it entered an amended judgment establishing that portion of their common boundary. Because that did not describe the location of that portion of the boundary according to where the Cecils claimed it should be, the court then entered a second amended judgment revising the location of that portion of the parties' common boundary. The Cecils argue that this Court should uphold the second amended judgment either by considering it the district court's findings regarding that part of the parties' common boundary or because the facts show an implied agreement as to the location of that part of their common boundary. We cannot do so.

The boundary by agreement based upon the location of the fence is presumed from the long existence of the fence and the parties' treatment of it as the common boundary. Who built the fence, when it was built, and why it was built are unknown. The adjoining landowners who presumably agreed upon their common boundary as marked by the fence are predecessors in interest to the Cecils and the Gagnebins, and the Cecils and Gagnebins are bound by that agreement because the existence of the fence put them on constructive notice of it. There is no such presumption or constructive notice regarding that portion of their common boundary where there is no fence.

The Cecils asserted in their brief that the facts show a boundary by agreement as to the portion of the common boundary east of the fence based upon the Gagnebins' conduct. That claimed boundary by agreement would be separate from the presumed boundary by agreement based upon the location of the fence. It would be a boundary by agreement allegedly entered into by the Cecils and Gagnebins, not by their predecessors in interest.

The Cecils' complaint only alleges a boundary by agreement based upon the existence of the fence. They alleged: "The fence line between the Cecils' and the Defendants' property has existed for over twenty years and has always been treated as the actual boundary line between the properties. Un-

der the circumstances the fence line has become the true boundary line between the properties." They did not allege that they and the Gagnebins had entered into a boundary by agreement with respect to the portion of their common boundary east of the fence. In their complaint, they did not even mention the boundary line east of the fence. Any claim that the Gagnebins and the Cecils had entered into a boundary by agreement would be a cause of action not alleged in the complaint.

■ "A cause of action not raised in a party's pleadings may not be considered on summary judgment nor may it be considered for the first time on appeal." *O'Guin v. Bingham County,* 139 Idaho 9, 15, 72 P.3d 849, 855 (2003) (footnote omitted). Therefore, the district court erred in determining there was a boundary by agreement as to that portion of the common boundary east of the fence because that issue was not alleged in the complaint. For the same reason, this Court cannot consider that alleged agreement on appeal.

Paragraph 1 of the second amended judgment sets forth the location of the parties' entire common boundary. It must be vacated because a portion of that boundary was not at issue in this case. Paragraph 2 of the second amended judgment requires the parties to have the entire common boundary surveyed. Because a portion of the common boundary was not at issue in this case, we vacate that paragraph of the judgment. Paragraph 3 of the second amended judgment orders the Gagnebins to restore the fence that they wrongfully removed. That portion of the judgment has not been challenged on appeal, so it can stand. Paragraph 4 of the second amended judgment states that the Cecils are the prevailing parties in this lawsuit. That portion of the second amended judgment will also have to be vacated for the court to reconsider based upon the outcome on remand. Because we have vacated a portion of the second amended judg-

ment, we also vacate the judgment awarding costs and attorney fees.

## B. Did the Gagnebins Timely Appeal from the Judgment Awarding Costs and Attorney Fees?

■ The Cecils contend that the Gagnebins did not timely appeal the judgment awarding the Cecils costs and attorney fees. An appeal must be filed within forty-two days from the entry of a final judgment. I.A.R. 14(a) & 11(a)(1). They argue that the judgment awarding costs and attorney fees was filed on May 14, 2007, and that the Gagnebins did not file their notice of appeal until sixty-seven days later on July 20, 2007.

The district court entered an amended judgment in this action on April 30, 2007. On May 8, 2007, the Cecils timely filed a motion to amend the amended judgment pursuant to Rule 59(e) of the Idaho Rules of Civil Procedure. That motion terminated the running of the time for appeal, and it did not begin to run until the order deciding the motion was filed. I.A.R. 14(a).[2] The motion was decided by the district court when it filed the second amended judgment on June 12, 2007. The Gagnebins filed their notice of appeal on June 20, 2007, well within the forty-two day period following the entry of the second amended judgment.

## C. Are the Cecils Entitled to an Award of Attorney Fees on Appeal Pursuant to Idaho Code § 12–121?

The Cecils seek an award of attorney fees on appeal pursuant to Idaho Code § 12–121. They could recover attorney fees on appeal under that statute only if the appeal were brought or pursued frivolously, unreasonably, or without foundation. *Koch v. Canyon County,* 145 Idaho 158, 163, 177 P.3d 372, 377 (2008). Because we have vacated a portion of the judgment of the district court, this

---

**2.** The relevant portion of Rule 14(a) provides:
   The time for an appeal from any civil judgment … is terminated by the filing of a timely motion which, if granted, could affect … any judgment in the action …, in which case the appeal period for all judgments … commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

appeal was not brought frivolously, unreasonably, or without foundation.

## IV.  CONCLUSION

We vacate paragraphs 1, 2, and 4 of the second amended judgment and the judgment awarding costs and attorney fees, and we remand this case for further proceedings consistent with this opinion.  We award the Gagnebins costs on appeal.

Justices BURDICK, J. JONES, HORTON and Justice Pro Tem KIDWELL concur.