# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39878-2012

| | | |
|---|---|---|
| HOLLI TELFORD, as assignee to M.D. Diet Trust, | ) ) ) | Twin Falls, November 2013 Term |
| Plaintiff-Appellant, | ) ) | 2013 Opinion No. 112 |
| v. | ) ) | Filed: November 26, 2013 |
| SMITH COUNTY, TEXAS; GARY BARBER as the Tax Assessor of Smith County, Texas; Attorney TAB BEAELL; and the LAW OFFICES OF PURDUE BRADON FELDER COLLINS & MOTT; | ) ) ) ) ) ) ) | Stephen W. Kenyon, Clerk |
| Defendants-Respondents, | ) ) | |
| and | ) ) | |
| ARTIE ROSS; SANDRA COPELAND; ADMITRA MILLS; JEANETTE HARMON; CODY KELLEY; PAUL KELLEY JR; THE ESTATE OF PAUL KELLEY SR; and LISA NEILSON, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, in and for Oneida County. The Hon. Stephen S. Dunn, District Judge.

The judgment of the district court is <u>vacated</u> <u>in</u> <u>part</u> <u>and</u> <u>affirmed</u> <u>in</u> <u>part</u>.

Holli Telford, Malad City, argued on her own behalf.

Stephen L. Adams, Anderson, Julian & Hull LLP, Boise, argued for respondents.

---

EISMANN, Justice.

This is an appeal out of Oneida County from a case seeking specific performance of an alleged contract with Smith County, Texas, to purchase real property in Texas or damages from

the county and various residents of Texas for breach of the alleged contract. The defendants who had been properly served moved to dismiss this case for lack of personal jurisdiction. The district court granted the motion and dismissed the case with prejudice as to them and without prejudice as to the other defendants. We affirm the dismissal for lack of jurisdiction, but vacate the dismissal with prejudice and remand for entry of a judgment dismissing the complaint without prejudice.

## I.
## Factual Background.

Elham Neilsen, a resident of Utah, wanted to purchase a residence close to the city of Tyler in Smith County, Texas. He contacted Holli Telford because he had heard that she knew how to acquire properties through tax or other distress sales and had contacts for obtaining financing for prospective buyers. She showed Mr. Neilsen how to monitor the website of Smith County for properties it was offering for sale pursuant to a sealed-bid auction. Mr. Neilson identified a property he desired to purchase. He entered into an agreement with Ms. Telford that she would bid on the property and sell it to him after she had obtained the warranty deed. Ms. Telford submitted a bid, but did not obtain title to the property because, according to her, it was wrongfully redeemed by the prior owners after she had spent money improving it.

On June 2, 2011, Holli Telford filed this action against multiple Defendants seeking either specific performance of her alleged contract to purchase the property or damages. Ms. Telford sent copies of the summons and complaint to the Defendants by certified mail. After they did not appear in this action, she sought default judgments against them. The district court denied that request because the Defendants had not been properly served. Ms. Telford then effectuated personal service upon Smith County, Texas; Gary Barber, the assessor; Tab Beall, an attorney, and Perdue, Brandon, Fielder, Collins and Mott, LLP, the law firm for which he works.

On June 30, 2011, notices of special appearance were filed by the Defendants that had been personally served. These Defendants will collectively be called "Appearing Defendants," and the remaining defendants will be called "Nonappearing Defendants." On July 13, 2011, Appearing Defendants filed as one document a Motion to Dismiss, Motion to Quash, and Motion for Summary Judgment. Included in the document was a motion to dismiss for lack of personal jurisdiction. After briefing and argument, the district court held that it did not have personal

2

jurisdiction over the defendants. After denying Ms. Telford's motion for reconsideration, the court entered a judgment dismissing this action with prejudice as to Appearing Defendants and without prejudice as to Nonappearing Defendants. Ms. Telford then timely appealed.

## II.
### Did the District Court Err in Refusing to Enter Default Judgments?

Ms. Telford initially attempted to serve all of the Defendants by certified mail. She contended that she was permitted to do so by Idaho Code section 48-613, which provides:

> Service of any notice, demand or subpoena under this act shall be made personally within this state, but if such cannot be obtained, substituted service therefor may be made in the following manner:
> (1) Personal service thereof without this state; or
> (2) The mailing thereof by registered or certified mail to the last known place of business, residence or abode within or without this state or such person for whom the same is intended; or
> (3) As to any person other than a natural person, in the manner provided in the Idaho rules of civil procedure as if a complaint which institutes a civil proceeding had been filed.

That statute only applies to the service of a "notice, demand or subpoena under this act," which is the Idaho Consumer Protection Act, I.C. §§ 48-601 to 48-619. In context, it refers to the Attorney General serving: (a) a "notice in writing that such proceedings [a civil action] are contemplated to the person against whom proceedings are contemplated," I.C. § 48-606(3); (b) "an investigative demand" for information from a person whom the Attorney General believes has violated the act, I.C. § 48-611(1); and (c) subpoenas issued by the Attorney General to persons in aid of an investigation or inquiry under the act, I.C. § 48-612. It does not apply to the service of a summons and complaint in a civil action. Thus, the district court did not err in holding that Idaho Code section 48-613 did not authorize service of the summons and complaint by registered or certified mail.

## III.
### Did the District Court Err in Holding that Appearing Defendants
### Did Not Make a General Appearance?

3

Ms. Telford first argues that Appearing Defendants made a general appearance when they included a motion for summary judgment with their motion to dismiss for lack of personal jurisdiction. Rule 12(g)(1) of the Idaho Rules of Civil Procedure states that "[a] defense of lack of jurisdiction over the person . . . is waived unless it is made . . . prior to filing any other motion, [but] . . . [i]t is not waived, however, by being joined with one or more other motions . . . ." Appearing Defendants did not make a general appearance by joining a motion for summary judgment with their motion to dismiss for lack of personal jurisdiction.

## IV.
## Did the District Court Err in Holding that It Did Not Have Personal Jurisdiction Over Appearing Defendants?

"The question of the existence of personal jurisdiction over an out-of-state defendant is one of law, which this Court reviews freely." *McAnally v. Bonjac, Inc.*, 137 Idaho 488, 491, 50 P.3d 983, 986 (2002). When reviewing on appeal an order on a motion to dismiss for lack of personal jurisdiction, we construe the evidence in the same manner we would when reviewing the grant of summary judgment. *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 74-75, 803 P.2d 978, 980-81 (1990). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.*

In analyzing whether the district court correctly granted the motion to dismiss for lack of personal jurisdiction, we must first identify the legal basis for the assertion of personal jurisdiction over any of the Defendants. *Id.* at 75, 803 P.2d at 981. "The district court has no personal jurisdiction outside of the state boundaries except as provided by the Idaho long-arm statute." *Brannon v. City of Coeur d'Alene*, 153 Idaho 843, 851, 292 P.3d 234, 242 (2012). Idaho's long-arm statute is Idaho Code section 5-514, which provides for specific jurisdiction rather than general jurisdiction. *Id.* It grants jurisdiction over a defendant "who in person or through an agent does any of the acts hereinafter enumerated . . . as to any cause of action arising from the doing of any of said acts." I.C. § 5-514. A cause of action must be alleged in the party's pleading to be raised in a lawsuit. *Cecil v. Gagnebin*, 146 Idaho 714, 718, 202 P.3d 1, 5 (2009). Therefore, in determining whether there is in personam jurisdiction over a defendant, we

will only consider the causes of action alleged in the complaint, not causes of action that could have been alleged under the facts presented, but were not.

The material facts alleged in the section of Ms. Telford's complaint titled "General Allegations" are as follows:

(a) Smith County advertised on its website various parcels of real property that it was selling in sealed-bid auctions.

(b) On March 20, 2011, Ms. Telford placed a bid for a parcel of property listed on the website.

(c) Before the bidding period closed, Ms. Telford learned of an error in stating the address of the property on which she had bid and notified Smith County employees of the error. They told her they would correct the error and informed her of the correct address of the parcel.[1]

(d) On March 28, 2011, Ms. Telford hand-delivered a modified bid in the sum of $4,200.

(e) On April 3, 2011, Smith County employees informed Ms. Telford that she was the only bidder, and several days later a county employee told her, in response to Ms. Telford's request, that the county had to wait until the redemption period ended on May 1, 2011, before it could execute a quitclaim deed to the property.

(f) On May 1, 2011, Ms. Telford went to the assessor's office in Smith County, where a county employee told her that no redemption fees had been paid and that Ms. Telford could possess the property and do with it as she desired.

(g) In reliance upon that statement, Ms. Telford spent tens of thousands of dollars in improving the property.

---

[1] Ms. Telford's statements in her affidavits differ from the allegation in her complaint as to when she learned of the alleged error regarding the property being auctioned. In her complaint, she alleges she learned of the error between March 20 and March 28, 2011. In her affidavits, Ms. Telford stated that she did not learn of the error regarding the correct address of the property being auctioned until April 30, 2011, when she traveled to Texas to inspect the property that she had purchased. She stated that she thought she had purchased a 23-acre parcel of property with a house and barn, although she did not explain why she thought the parcel consisted of 23 acres when her original bid stated that she was bidding on a parcel she described as being "0.43 ACRES." However, this difference between when Ms. Telford learned of the alleged error is not material because her claims are based upon alleged statements and actions by Appearing Defendants that occurred on and after May 1, 2011.

(h) On June 1, 2011, the county employee informed Ms. Telford that the prior owners had redeemed the property.

In determining whether there is in personam jurisdiction, we also do not decide whether the causes of action alleged are meritorious. *Saint Alphonsus Reg'l Med. Ctr. v. State of Wash.*, 123 Idaho 739, 743, 852 P.2d 491, 495 (1993). The county tax assessor for Smith County stated that under Texas law, Ms. Telford's initial bid had not been approved and accepted; that Ms. Telford never made any payment with regard to the property on which she bid; and that her modified bid could not be accepted under Texas law because it was not a sealed bid. We need not address the impact of those statements, nor need we address whether under Texas law the county employee could agree to allow Ms. Telford to reduce the amount of her bid after the bid had been opened or whether Ms. Telford could reasonably rely upon the alleged statement that she could possess the property and do with it as she wished.

In her complaint, Ms. Telford sought: (1) specific performance of the alleged contract to purchase the property; (2) damages for breach of alleged contract; (3) damages for breach of the Idaho Consumer Protection Act; and (4) damages for violating a Utah statute. On appeal, she does not argue that the Idaho court has personal jurisdiction over the Appearing Defendants for allegedly violating the Utah statute. Because we must address the issue of jurisdiction as to each cause of action alleged, we will address them separately.

**Violation of the Idaho Consumer Protection Act.** Telford alleges that the Defendants violated the Idaho Consumer Protection Act.[2] Specifically, she claims that they violated subsections (9) and (17) of Idaho Code section 48-603.[3] In arguing that the court has personal jurisdiction over the Appearing Defendants as to this cause of action, Ms. Telford asserts that because Idaho Code section 48-603 "is a specific statute providing remedies to consumers of the

---

[2] Although Ms. Telford refers to the "Idaho Consumer Sales Practices Act" in her complaint, she quoted from the Idaho Consumer Protection Act in her briefing in the district court and on appeal.

[3] The relevant portions of the statute state as follows:

> The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is:
> . . . .
> (9) Advertising goods or services with intent not to sell them as advertised;
> . . . .
> (17) Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer;

6

state of Idaho for illegal and unethical practices of sellers, that this statute on it's [sic] face provided for personal jurisdiction over each and every defendant alleged to have engaged in a deceptive consumer practice against TELFORD." She is incorrect in this assertion. Section 48-603 is not a long-arm statute.

"In order to be considered by this Court, the appellant is required to identify legal issues and provide authorities supporting the arguments in the opening brief. A reviewing court looks to the initial brief on appeal for the issues presented on appeal." *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004) (citations omitted). "This Court will not address an issue raised only in the reply brief." *Cristo Viene Pentecostal Church v. Paz*, 144 Idaho 304, 310, 160 P.3d 743, 749 (2007). Ms. Telford did not argue in her opening brief that there was long-arm jurisdiction under Idaho Code section 5-514 with respect to her claims that the Defendants violated the consumer protection act, and therefore we need not address that issue. She only argued that section 48-603 was itself a long-arm statute that gave in personam jurisdiction over any out-of-state defendant alleged to have violated that statute.

**Breach of Contract Claims.** Ms. Telford alleged two claims for breach of contract. In her first cause of action titled "Specific Performance on Bid Purchase Contract," she sought specific performance of the contract to purchase the lot. She alleged that she submitted the highest and only bid on the property, "that the redemption period had passed and that plaintiff was presently the equitable owner of the property until such time [as] the county judicial commissioner had convened to execute the quitclaim deed," and that she is entitled to an order "directing specific performance on the sales contract to plaintiff and to turn over of a quitclaim deed by the County." In her second cause of action titled "Breach Of Contract And Of the Covenant Of Good Faith and Fair Dealing," she alleged the existence of a contract to purchase the lot from the county, that the redemption by the prior owners was invalid, and that "the defendants corruptly lulled plaintiff into improving the property so that the defendants could be unjustly enriched by the improvements to plaintiff's injury," which constituted bad faith.

Idaho Code section 5-514 states:

> Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

7

(a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation;

(b) The commission of a tortious act within this state;

. . . .

We need not address whether the statute applies to a county in another state.[4]

"In analyzing whether there are sufficient contacts for the exercise of specific personal jurisdiction, we must remember that the suit for which jurisdiction is sought must arise out of or relate to the defendant's contacts with Idaho." *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 75, 803 P.2d 978, 981 (1990). Ms. Telford does not argue that any Defendants transacted business or committed a tort in Idaho except Smith County. With respect to the county, she alleged there were sufficient contacts with Idaho to exercise long-arm jursidiction because: (a) she executed the bid in Idaho; (b) she borrowed money from Idaho lenders; (c) she gave property in Idaho as security for the loans; and (d) there were nine telephone calls, two faxes, and six e-mails sent to Idaho by the Appearing Defendants during the negotiations.

As stated above, jurisdiction must be based upon the county's contacts with Idaho, not Ms. Telford's. The bid at issue with respect to these claims is her modified bid. According to her affidavit filed on August 1, 2011, she personally presented it to the assessor's office in Smith County on May 6, 2011, as a replacement for her prior bid. Likewise, the negotiations leading up to the submission that that bid were conducted in Texas according to Ms. Telford's affidavit. She stated that on May 2, 2011, she went to the assessor's office upon learning the property for which she had submitted of a bid was a small lot rather than the 23-acre parcel. At that time, Ms. Telford allegedly told a county employee that she would purchase the small lot for the assessed value of the land and would pay for the demolition of the burned-out building on the lot, if the county would haul away the debris on the lot at its expense. According to Ms. Telford, the employee then talked with the assessor and upon returning told Ms. Telford to "execute a corrected bid nun pro tunc to a day before the bidding closed and bid the assessed value of the property only," to provide a written statement describing the conflict that justified the county's

---

[4] By its terms, the statute applies to any "person, firm, company, association or corporation." I.C. § 5-514. In *Saint Alphonsus Regional Medical Center v. State of Wash.*, 123 Idaho 739, 852 P.2d 491 (1993), we held that the State of Washington was subject to jurisdiction under Idaho Code section 5-514, *id*. at 743, 852 P.2d at 495, but there was no analysis of whether the state was included in the words person, firm, company, association, or corporation.

actions, to provide photographs of the inside of the building on the property, and to request that the county remove the debris at its cost. According to Ms. Telford, the county employee then said that Ms. Telford could occupy and improve the property because redemption was not an issue. Ms. Telford stated that on May 6, 2011, she executed the written statement and personally delivered it and the modified bid to the assessor's office and then immediately e-mailed the requested photographs to the county employee. Ms. Telford asserted that she then began expending money to improve the property. The facts are insufficient to show that the county transacted business in Idaho with respect to this transaction. All of its alleged conduct with respect to the cause of action pleaded occurred in Texas.

Ms. Telford also asserts that "fraud and deceit" were practiced upon her. In her complaint, she alleged that "under Texas law a redemption deed is void if it was obtained by any means of fraud" and that "defendants corruptly lulled plaintiff into improving the property so that the defendants could be unjustly enriched by the improvements to plaintiff's injury." These are not actions that occurred in Idaho. She and the county employees were all in Texas when these actions occurred. A tort is not committed in Idaho merely because it causes financial harm to a citizen of this state.

## V.
## Does Idaho Code section 19-302 Grant Personal Jurisdiction Over Appearing Defendants?

Ms. Telford argues that Idaho Code section 19-302 grants personal jurisdiction over Appearing Defendants regarding her causes of action. That statute states, "When the commission of a public offense, commenced without the state is consummated within its boundaries, the defendant is liable to punishment therefor in this state, though he was out of the state at the time of the commission of the offense charged." This statute applies to the State's jurisdiction to prosecute crimes, *State v. Doyle*, 121 Idaho 911, 913-14, 828 P.2d 1316, 18-19 (1992), and has no application to a civil action.

## VI.
## Did the District Court Err in Denying Ms. Telford's Motion
## to Amend Her Complaint?

9

Ms. Telford alleges that "[s]everal times during the coarse [sic] of the proceedings, TELFORD asked for permission to amend the complaint to add in new and additional allegations." On March 27, 2012, Ms. Telford filed a motion for relief from the judgment and requested that the motion be promptly decided without oral argument. In that motion, she alleged that the district court had denied her requests to amend her complaint to assert additional claims. In denying the motion, the court wrote that "there has been no attempted amendment to the Complaint and the Court ruled on the motions before it based on the allegations made." Ms. Telford has not cited to any motion to amend her complaint in the record on appeal. The district court did not err in failing to grant a motion that was not made.

## VII.
### Did the District Court Err in Dismissing the Complaint Against Appearing Defendants With Prejudice?

The district court did not address Appearing Defendants' motion for summary judgment because it held that it did not have personal jurisdiction over them. Nevertheless, it entered a judgment dismissing the claims against Appearing Defendants with prejudice.[5] The court did not state why it dismissed these claims with prejudice.

Rule 41(b) of the Idaho Rules of Civil Procedure governs the effect of an involuntary dismissal of a party's claim. The last sentence of the rule states, "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction*, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." (Emphasis added.)

"A dismissal with prejudice connotes an adjudication or final determination on the merits and extinguishes or bars any future claim." 24 Am. Jur. 2d *Dismissal* § 1 (2008) (footnotes omitted). "The case law holds, consistent with Rule 41(b), that a dismissal for lack of subject matter jurisdiction cannot be a dismissal with prejudice." *Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2013). Therefore, the district court erred in dismissing Ms. Telford's claims with prejudice as to Appearing Defendants. The judgment will have to be amended accordingly.

---

[5] The district court dismissed Ms. Telford's claims against Nonappearing Defendants without prejudice. At the hearing on Ms. Telford's motion for reconsideration held on February 14, 2012, she stipulated that she would not make any further effort to serve Nonappearing Defendants and requested that any dismissal be without prejudice.

## VIII.
## Are Appearing Defendants Entitled to an Award of Attorney Fees on Appeal?

Appearing Defendants seek an award of attorney fees on appeal pursuant to Idaho Code sections 12-117, 12-120, and 12-121. Under each of those statutes, attorney fees can only be awarded to the prevailing party. Appearing Defendants did not concede that the district court erred in dismissing Ms. Telford's claims against them with prejudice, but steadfastly defended the district court's action in doing so. Therefore both they and Ms. Telford have prevailed in part on appeal. Consequently, Appearing Defendants are not entitled to an award of attorney fees.

## IX.
## Conclusion.

We vacate that part of the judgment dismissing Ms. Telford's claims against Appearing Defendants with prejudice and remand this case for entry of an amended judgment that is in conformity with this opinion. Because both sides prevailed in part, we do not award costs or attorney fees on appeal.

Chief Justice BURDICK, Justices J. JONES, HORTON and J. Pro Tem SCHROEDER **CONCUR.**

11