# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45856

| | | |
|---|---|---|
| In the Matter of the Guardianship and Conservatorship of: DORA V. COLE. | ) ) ) | |
| DARRELL COLE and TONY COLE, Co-Guardians and Co-Conservators, | ) ) ) | Filed: May 16, 2019 |
| Petitioners-Respondents, | ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| KELLY COLE, | ) ) | BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. D. Duff McKee, District Judge. Hon. Gregory F. Frates, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment of guardianship and conservatorship and award of attorney fees and costs, <u>affirmed</u>.

Kelly Cole, Council, pro se appellant.

Millemann Pemberton & Holm LLP; Steven J. Millemann, McCall, for respondents.

---

LORELLO, Judge

Kelly Cole appeals from the district court's order, on intermediate appeal from the magistrate, affirming a judgment of guardianship and conservatorship and award of attorney fees and costs. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 14, 2016, Darrell Cole and Tony Cole filed a petition seeking an appointment for guardianship and conservatorship of their mother, Dora V. Cole. The following day, a magistrate entered a ninety-day order of temporary guardianship and conservatorship. Dora was served with the notice of the petition, the petition, and a copy of the temporary order of guardianship and conservatorship on July 22, 2016. A hearing for permanent appointment of a guardian and conservator was scheduled and notice of that hearing was served on several individuals, including Kelly Cole, one of Dora's other sons. Kelly filed an objection, which included a contention that the court lacked jurisdiction in the matter due to an alleged lack of adequate notice to interested persons. The magistrate subsequently entered an order extending the temporary guardianship and conservatorship pending a permanency hearing. The magistrate also rejected Kelly's jurisdictional challenge.

Following the permanency hearing, the magistrate found that Dora was incapacitated and appointed Darrell and Tony as co-guardians and co-conservators. Kelly appealed to the district court. The district court characterized the sole issue on appeal as whether the magistrate erred in not dismissing the petition for lack of jurisdiction due to the failure to serve Dora or Kelly with a summons. The district court rejected Kelly's argument, held that the magistrate had jurisdiction, and affirmed the magistrate "in all respects." The district court awarded costs and attorney fees to Darrell and Tony. Kelly again appealed.[1]

# II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions

---

[1] Dora subsequently died on May 4, 2018.

2

follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.* Jurisdictional issues are subject to free review. *See Telford v. Smith Cty., Texas*, 155 Idaho 497, 500, 314 P.3d 179, 182 (2013). A party disputing an attorney fee award has the burden of showing the award was an abuse of discretion. *Smith v. Mitton*, 140 Idaho 893, 901, 104 P.3d 367, 375 (2004).

## III.

## ANALYSIS

### A. Jurisdiction

Kelly continues to argue that the magistrate lacked jurisdiction in this case because no summons was issued pursuant to I.R.C.P. 3 and 4. Darrell and Tony respond that the district court correctly rejected this contention. We agree that no summons was required in order to confer jurisdiction in the magistrate court to consider the petition for guardianship and conservatorship.

Idaho Code Section 15-5-303, *et seq.*, govern petitions for guardianship of an incapacitated person. While such proceedings are civil in nature, *see* I.R.C.P. 3(d), the summons requirements set forth in I.R.C.P. 4 do not apply to guardianship proceedings. As explained by the district court, the substance of various provisions of I.R.C.P. 4 illustrate why. For example, I.R.C.P. 4(a)(1)(G) indicates that a summons be directed to the defendant, but there is no defendant in a guardianship case. While Kelly had an interest in the guardianship action concerning his mother, he was not a defendant to the action.[2] Nor is there a possibility of a default judgment as contemplated by I.R.C.P. 4(a)(1)(I) for failing to appear in a guardianship action. Further, because there is no complaint or defendant in a guardianship action, dismissal is not required if a summons is not served within six months after the complaint is filed. *See* I.R.C.P. 4(b)(2). The only notice required in this case was that provided for in the statutes

---

[2]     To the extent Kelly is arguing that other interested parties were also entitled to receive a summons, he has no standing to advance a claim on behalf of others. *See Emp' Res. Mgmt. Co. v. Ronk*, 162 Idaho 774, 777, 405 P.3d 33, 36 (2017).

applicable to guardianships.  Kelly has cited no authority to support his assertion that the lack of a summons deprived the magistrate of jurisdiction over the guardianship petition.  A party waives an issue on appeal if either argument or authority is lacking.  *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).  Accordingly, we affirm the district court.

## B.    Costs and Attorney Fees

On intermediate appeal, the district court awarded costs to Darrell and Tony as the prevailing parties under I.A.R. 40(a) and attorney fees pursuant to I.C. §§ 12-120 and 12-121.  On this appeal, Kelly asks this Court to reverse the district court's attorney fee award.  Darrell and Tony respond that Kelly has failed to assert any factual or legal basis for vacating the district court's attorney fee award.  Darrell and Tony also request costs and attorney fees on this appeal.

### 1.    Attorney fees award on intermediate appeal

On intermediate appeal, Darrell and Tony requested attorney fees pursuant to I.C. § 12-121, arguing that Kelly pursued the appeal frivolously, unreasonably, and without foundation.  In its memorandum decision, the district court concluded Darrell and Tony were entitled to attorney fees under I.C. §§ 12-120 and 12-121 and subsequently awarded $7,874.25 in attorney fees.

Idaho Code Sections 12-120 and 12-121 both authorize an award of attorney fees in certain types of actions.  Idaho Code Section 12-120 governs the award of attorney fees in certain types of actions and does not apply in this case.[3]  Idaho Code Section 12-121 provides:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation.  This section shall not alter, repeal or amend any statute that otherwise provides for the award of attorney's fees.  The term "party" or "parties" is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

Applying the foregoing standards, the district court found that Kelly's arguments on appeal "demonstrate[d] a fundamental misunderstanding of the principles of due process, the

---

[3]    Although the district court included a citation to I.C. § 12-120 in concluding an award of attorney fees was appropriate, Darrell and Tony's request was based on I.C. § 12-121, as was the court's analysis.  Thus, the citation to, and any reliance on, I.C. § 12-120 was erroneous.

distinctions between the various types of action[s], and the manner and means of giving notice when required." The district court further concluded that Kelly's arguments were "frivolous and without foundation."

In his opening brief on this appeal, Kelly contends the district court's attorney fee award was erroneous because he believes the issue presented is not frivolous; however, Kelly cites no authority in support of his claim. Although Kelly recites I.C. § 12-121 and two cases employing the statute's frivolousness standard in his reply brief, this Court will not consider arguments raised for the first time in the appellant's reply brief. *See Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Kelly's bare assertion in his opening brief that he does not believe the issue presented is frivolous does not show an abuse of discretion by the district court. Therefore, the award of attorney fees on intermediate appeal is affirmed.

### 2.    Costs and attorney fees on appeal to this Court

On appeal to this Court, Darrell and Tony again request costs and attorney fees. Because Darrell and Tony are the prevailing party in this appeal, they are entitled to costs pursuant to I.A.R. 40.

Regarding attorney fees, Darrell and Tony do not designate attorney fees as a separate additional issue on appeal as required by I.A.R. 41(a). *See Crump v. Bromley*, 148 Idaho 172, 176, 219 P.3d 1188, 1192 (2009). However, in the argument section of their brief, Darrell and Tony have included a separate section titled "Attorney Fees" in which they argue they are entitled to attorney fees pursuant to I.C. § 12-121 because Kelly's appeal is frivolous. Attorney fees on appeal are appropriate pursuant to I.A.R. 41(a) and I.C. § 12-121 if the appellate court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *U.S. Nat. Bank of Oregon v. Cox*, 126 Idaho 733, 736, 889 P.2d 1123, 1126 (Ct. App. 1995). Because Kelly has failed to present a cogent argument challenging the district court's intermediate appellate decision, this appeal was pursued without foundation. Darrell and Kelly are therefore entitled to an award of attorney fees on this appeal.

### IV.
### CONCLUSION

Kelly has failed to show the district court erred in affirming the magistrate's finding that it had jurisdiction over the petition for guardianship and conservatorship. Kelly has also failed to

show the district court abused its discretion in awarding attorney fees on intermediate appeal. Therefore, the order of the district court, on appeal from the magistrate, is affirmed. As the prevailing parties, costs are awarded to Darrell and Tony on appeal. Attorney fees are also awarded to Darrell and Tony on this appeal because the appeal was pursued without foundation.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.